Deen v. Wills.

CALLOWAY DEEN v. RICE WILLS.

It is not essential to the validity of a registry, that the certificate of probate shall state that the witness to a deed signed as witness at the request of the grantor.

In order to render the copy of a deed admissible in evidence under the Statute, (Hart. Dig. Art. 745,) it must have been admitted to record upon the requisite acknowledgment or proof; and the certificate of probate should afford evidence of the sufficiency of the proof; and if it does so substantially, though informally, it is sufficient.

The receipt of the Tax Collector is evidence of the payment of taxes; and the fact that the person signing the receipt acted as Tax Collector is *prima facie* evidence of his authority.

Proof by the records of the county in which the certificate was granted, upon which a patent issued, that such certificate had never been recommended or established as genuine and legal, not sufficient to avoid the patent.

### ON RE-HEARING.

The patent is *prima facie* evidence that the genuineness of the certificate had been duly established, and that it was valid from its date.

To avoid the patent it devolved on the party questioning it to prove that the certificate had not been established in any of the modes known to the law.

Appeal from Smith. Tried below before Hon. W. W. Morris.

Action of trespass to try title.

On the trial the appellant gave in evidence the conditional and unconditional certificate of Wm. R. Powell issued by the Board of Land Commissioners for the county of San Augustine, the first dated June, 1838, the latter in September, 1841, to the introduction of which defendant objected ; the Court overruled the objection and allowed them to be read. He then offered in evidence the original field notes of survey made by virtue of said certificates in January, 1840. Various other testimony was adduced in the cause on the part of the plaintiff mostly in aid of the facts already presented, none of which is material except the fact of the transfer to himself, from Wm. R. Powell, of the certificate and location.

Defendant offered in evidence a certified copy of a deed from A. C. Walters to himself, from the records of the County Court of Smith county, by which said Walters conveyed to defendant six hundred and forty acres of land, (the same claimed by the plaintiff ;) the plaintiff objected to the copy being read, because the proof upon which said deed was recorded was not in compliance with law, nor sufficient ; objection overruled. He then introduced a patent from the Governor of Texas to said Walters for twelve labors of land, including the six hundred and forty above sold, and a copy of the original survey from the Surveyor's Office of Smith county, upon which patent issued dated February, 1846. Defendant then proved that he had been in the actual and adverse possession of the land since the fall of 1846, claiming, cultivating and using it. By the books of the Assessor and Collector, that he had been assessed for the years 1847–48–49 50–52 and 53 for the taxes on 640 acres of land out of the survey made for Walters ; and by the receipts of the Assessor and Collector, that he had paid the taxes so assessed for the years 1850–51–52–53 and 54. These receipts were objected to as proof of such payment, but the objection was overruled.

In reply, the plaintiff proved by the Clerk of the District Court of Nacogdoches county that the certificate upon which

the patent had issued to Walters had never been confirmed by suit in the District Court. He also offered the depositions of the Clerk of the County Court of Nacogdoches county to prove that said certificate had never been recommended for patent, which depositions, upon objections being made, were ruled out for informality.

There was a verdict and judgment for defendant and motion for new trial overruled.

*J. A. Jones*, for appellant.

*Donley & Anderson*, for appellee.

WHEELER, J. The proof is clear that the defendant had been in the uninterrupted adverse possession of the land in controversy, cultivating and paying taxes upon it, and claiming under a deed recorded, for a period more than sufficient to give title under the 16th Section of the Statute of Limitations. If the proof was made by competent means, it cannot be doubted that he was well entitled to the verdict and judgment. But it is objected to the judgment that the deed of the 24th of December, 1847, under which the defendant claimed, was not duly registered, because not probated for registry in accordance with law ; and that the copy was erroneously admitted in evidence. The objection is that the certificate of probate does not state that the witness signed as a witness at the request of the grantor. We do not think it essential to the validity of the registry that it should so state. That would be a more formal compliance with the direction of the Statute in making the certificate. But the Statute does not prescribe the form of the certificate ; but only that the officer taking the proof shall make a certificate thereof. All that can be required is that the certificate shall contain the substance of the proof ; and if it contains all that is essential

to prove the due execution of the deed, it must be deemed a substantial compliance with the requirement of the Statute. It is not essential to the proof of the due execution of the instrument, that the witness should depose to the fact of his having signed at the request of the grantor.  The presumption is that the subscribing witness did so sign, and the statement would add nothing to the legal effect of the certificate or the proof.  In order to render the copy of a deed admissible in evidence under the Statute, (Art. 745,) it must have been admitted to record upon the requisite acknowledgment or proof; and the certificate of probate should afford evidence of the sufficiency of the proof.  But if it does so substantially, though informally, that is all that ought to be required.  The numerous adjudged cases upon the sufficiency of such certificates are collected in the note to Phillip's Evidence, to which we have been referred by counsel for the appellant.  "All that is required (it is there said) in respect to the frame of these certificates is a substantial compliance with the law under which they are made.  When substance is found, it is neither the duty nor inclination of Courts to jeopardize titles, in any way depending upon them, by severe criticism upon their language."  (Cow. and H. Notes, Part 2, n. 254 to p. 247.)

Thus, where a certificate of proof stated that A. B. appeared before the officer and made oath, &c., but did not say that he was a subscribing witness; yet it appearing on inspection of the deed that A. B. was one of the subscribing witnesses, it was held by the Supreme Court of Pennsylvania that the certificate was substantially good.  (12 Serg. and R. 48.)  So in Jackson v. Gumaer, (2 Cow. 552,) where it was objected to the certificate of the Judge taking the acknowledgment, that it did not state, as it was insisted the Statute required, that he knew the grantor to be " the person described in and who executed the deed," the certificate was held good.  Chief Justice Savage said, " Were we called on to establish a form for such a certificate, I should certainly be for inserting that the

grantor was known to the Judge, or other officer taking the acknowledgment, to be the person described in the deed ; but the Legislature could not expect the officer to know that the grantor described in the deed actually executed it, otherwise than by his acknowledgment, or ⸢proof by a witness. The practice in this case has been of very general use, and the practice in this respect may perhaps amount to a construction of the Act. At all events, I am unwilling to say that titles which depend for proof upon certificates thus drawn are to be put in jeopardy by the allowance of such a technical objection, for I cannot but consider the acknowledging officer drawing such a certificate as possessing all the knowledge required by the Statute." (Id. 567.) So in McIntire v. Ward, (5 Binny, 296,) where an objection to the certificate of the acknowledgment of a deed by a married woman was, that it did not state that the person taking the acknowledgment did "read to the wife, or otherwise make known to her the full contents of the deed," as the Statute prescribed ; but that the wife " acknowledged the indenture of bargain and sale to be her act and deed, according to its true intent and meaning, and the land and premises therein mentioned to be bargained and sold, with all and every the appurtenances, to be the right, title, interest, estate and property of the within named Samuel Todd, his heirs and assigns," it was held a substantial compliance with the Statute, and therefore sufficient. Considering the whole of the certificate (the Court said) it sufficiently appeared that the contents of the deed were known to the wife. She knew that the land was conveyed to Todd in fee simple, which was the essential part of the deed, and it might be fairly presumed that this was communicated to her by the Justices who took her acknowledgment ; although, it was said, that was not material, provided it appeared that she had the knowledge. (Id. 301-2, per Tilghman, Ch. J.)

These references will suffice to show, that such certificates are liberally construed, and that a substantial compliance with

the law is all that is required in these cases. And that, we think, appears by the certificate in this case. To require more might seriously jeopardize the security of titles ; and there can be no good reason assigned why more should be required.

It is also objected that the receipts of the tax collector were not admissible evidence to prove payment of the taxes. This objection we do not think tenable. The receipts come clearly within the rule, which admits entries made by third persons in the discharge of official duty to be received as original evidence. (1 Greenl. Ev., Secs. 115, 116, 120, 147.) It cannot, we think, be doubted that the Court may take notice, without proof, of the fact that it is the duty, and the universal custom of tax collectors to give receipts upon the payment of taxes. The giving of the receipt is an official act and duty of the collector, acting on behalf of the government. The receipt is a documentary fact, evidencing the payment of the taxes ; and as such is admissible. Thus, in the case of Sherman v. Crosby (11 Johns. R. 70,) a receipt for the payment of a judgment, recovered by a third person against the defendant, was held admissible in an action for the money so paid, by the party paying it, he having had authority to adjust the demand, and the receipt being a documentary fact in the adjustment, though the attorney who signed the receipt was not produced, nor proved to be dead. So in Hall v. Hall, (1 Mass. R. 101,) a case in point, where an administrator, to support his charges in an administration account for payment of taxes, offered witnesses to prove the fact of such payment, it was held that the receipts of the collector were better evidence and should be produced.

As respects the authority of the person who gave the receipts, the fact that he acted in the capacity of tax collector is sufficient *prima facie* evidence of his authority. And this disposes of the objections to the defendant's evidence of title. Having made out his defence under the 16th Section of the Statute of Limitations, the verdict and judgment were rightly

rendered in his favor ; and it is immaterial what may have been the plaintiff's evidence of title, or what errors there may have been in the rulings of the Court excluding his evidence, since it did not go to disprove this defence.

If the defendant were under the necessity of relying on the Statute of Limitations of three years, it might become mate- rial to revise the ruling of the Court excluding the plaintiff's evidence offered to prove that the certificate, on which the patent issued, had not been recommended or established as genuine and legal, and, consequently, that the patent, having been issued contrary to law, was void. (Hart. Dig. Art. 1950.) But if it were deemed necessary to revise the ruling in question, and if we should be of opinion that the Court erred in exclud- ing the evidence, it would not authorise a reversal of the judg- ment ; for if the evidence had been admitted, it was not suffi- cient to avoid the patent. It would still have been necessary to prove that there was no evidence in the General Land Office of the recommendation or genuineness of the certificate. The patent may have been issued upon a legislative confirmation of the certificate, the evidence of which might not exist else- where than in the General Land Office ; at least, it might not be found in the county where the original certificate has issued. Other cases might be supposed where the evidence of the re- commendation or establishment of the certificate would not be found in the offices of that county. It is clear, therefore, that if the plaintiff's evidence had been admitted, it was insuffi- cient to annul the patent, and the defendant holding under a title constituted by a regular chain of transfer from the gov- ernment, was protected in his possession by the limitation of three years, prescribed in the 15th Section of the Statute. Hart. Dig., Art. 2391.) There is therefore no error in the judgment, and it is affirmed.

Judgment affirmed.

## ON RE-HEARING.

WHEELER, J.   After the opinion was delivered, our atten-

tion was called to the fact, not adverted to on the argument, that one of the five tax receipts in evidence was for the taxes for the year 1854, in which year the suit was brought; and that there was no evidence of payment for the year 1849, the first of the five next before suit.

It may well be questioned whether the evidence was not sufficient to warrant the jury in finding that the taxes had been paid, as well for the year 1849 as for the five succeeding years. There was evidence of the assessment of the land for the years 1847, 1848 and 1849, and receipts showing the payment of taxes for the five succeeding years; from which it would seem not an unreasonable inference that the taxes had been paid for the year 1849. Be that as it may, we think the defendant protected by the limitation of three years. The certificate upon which the patent issued, under which the defendant holds, was issued in 1838; his survey was made in 1846, and he has been in actual possession since the fall of that year, having received a conveyance in 1847. The patent is *prima facie* evidence that the genuineness of the certificate had been duly established, and that it was valid from its date. It devolved on the plaintiff to prove that it had not been established in any of the modes known to the law. This his evidence, if admitted, would not have proved. The evidence of the confirmation, or validation of the certificate may have existed, and doubtless did exist, in the General Land Office. It could not have been pronounced that it did not exist, without proof that it could not be found in that office. No such evidence was proposed. The defendant therefore appears to have been in possession, under color of title, for a period of more than three years before the commencement of the suit; and there was no evidence proposed which could have had the effect to repel this conclusion. We therefore must adhere to the opinion that the defendant was entitled to judgment on his defence of the Statute of Limitations.