A. AUSTIN AND ANOTHER V. JOHN TALK AND ANOTHER.

The fact that there have been several concurring verdicts in a cause will very strongly incline this court against disturbing the last one rendered, if it is the finding of the jury upon the evidence, unbiased by the instructions of the court.

Upon a question of positive fraud, this court will be very slow to disturb the verdict of the jury when the evidence discloses circumstances indicative of artifice, concealment, misrepresentation, or abuse of confidence.

But where the question of fraud in fact rests upon circumstantial and inconclusive evidence, it is especially essential that the finding of the jury be wholly uninfluenced by the charge of the court.

If a charge of the court, though correct in the abstract and as applicable to the state of facts supposed by the court in giving it, is calculated to induce the jury too readily to adopt the supposed conclusions without considering whether the evidence warrants their adoption, and the evidence itself is inconclusive, it will be held erroneous, as tending to mislead the jury.

The relation of attorney and client would authorize the court and jury in a case like this to scan the transactions between the parties with the most severe scrutiny.

See this case for the strictness of proof required to set aside a settlement of damages upon a freighting contract, concluded by the parties thereto.

APPEAL from Bell. Tried below before the Hon. N. M. Battle.

For the main facts of this case, see the reported case of Austin v. Talk, 20 Tex. R., 164. The cause being then remanded to the district court, the plaintiff amended his petition, making S. Hare a party defendant, and alleging that Hare was an attorney, and that when plaintiff Talk and defendant Austin were adjusting the settlement of damages, he, Talk, consulted Hare for legal advice on the subject; that Hare advised him that his only recourse was upon Nash & Co., the shippers at Port Lavaca, and that he had better execute the receipt for his freight money to Austin and settle with him for the damages, and that then he, Talk, could go on Nash & Co. for the freight money and for the damages so settled with Austin; and that Hare thereupon wrote out the statement signed by himself, Austin and others. That this advice and these representations made by Hare, as also by Austin, were fraudulent and false, and that plaintiff was induced by them to execute the receipt to Austin for the freight money; that at that very time Hare was a secret partner of Austin to the extent of one-third interest, and was thus liable to plaintiff for the freight money, which fact he fraudulently concealed from the plaintiff when he induced him to execute the receipt to Austin.

Hare adopted as his answers those already filed by his co-defendant Austin.

The fourth instruction given to the jury, commented upon in the opinion, is as follows: "Fraud is not to be presumed, but must be proved; but if the jury believe from the evidence that Talk, being in doubt and uncertainty as to what he should do, applied to defendant Hare as an attorney-at-law for advice, and that said Hare acted as his attorney, counseled with him, and did not disclose to Talk that he was Austin's co-partner and interested in the goods, this would be a fraud upon the part of Hare, and

would release Talk from his settlement made with Austin under the advice of Hare; and the court charges that if the jury believe from the evidence such to be the facts, they will find for Talk the amount due him with interest at 8 per cent. since the goods were delivered, provided they shall further believe that the goods were damaged before Talk receipted for them to E. Nash & Co. at Port Lavaca."

It was admitted by defendants that at the time of the delivery of the goods, Hare was a practising attorney-at-law in Belton, keeping his office near Austin's store, and that he was then also a partner of Austin and liable for one-third of the freight upon the goods. It was further admitted that Hare wrote the statement with regard to the condition of the goods, signed by himself, Austin and others, and gave the statement to Talk to show to E. Nash & Co.

Verdict and judgment in favor of the plaintiff for $242 37. Motion for a new trial overruled, and defendants appeal.

*E. Walker*, for appellant.

*Thos. P. Hughes*, and *Hancock & West*, for appellees, cited 1st Tex. R., 326 ; 1st Story's Eq., §§ 218, 219, 523, and note.

WHEELER, C. J. Since this case was before us on a former appeal, (20 Tex. R., 164,) the plaintiff has amended his petition, making a new party and charging specifically and sufficiently the facts constituting the alleged fraud in procuring the settlement and receipt for freight, which the plaintiff seeks to avoid in order to enable him to recover in this action.

The fact that there have been several concurring verdicts, should, I think, strongly incline this court against disturbing the present, if it is to be regarded as a finding of the jury upon the evidence, uninfluenced and unbiased by the instructions given by the court. Upon a question of positive fraud, the court will be very slow to disturb the verdict of a jury where the evidence discloses suspicious circumstances of a character to induce the belief

9

that any artifice, concealment or misrepresentation, has been practiced, or that confidence reposed has been abused to the prejudice of the party complaining. The relation of attorney and client, if shown to exist, would authorize the court and jury, in a case like the present, to scan the transaction between the parties with severe scrutiny. But especially where the question of fraud in fact rests upon circumstantial and inconclusive evidence, it is essential that the finding of the jury upon the evidence be wholly uninfluenced by anything contained in the charge of the court. And we cannot say that such has been the case in this instance. We think the case more strongly put for the plaintiff than the evidence warranted, in the fourth instruction given by the court. In the abstract, we do not doubt the correctness of the charge in point of law, nor do we doubt its correctness upon the state of facts supposed by the charge; but we think the charge calculated to induce the jury too readily to adopt the conclusions of facts supposed, without sufficiently considering whether there was evidence to warrant the adoption of all those conclusions. We think there is reason to apprehend that the jury may have been misled by this charge. There is reason to believe the finding of the jury was induced by their opinion of the agency of the new party upon the record in bringing about the settlement sought to be avoided. The evidence upon that point was certainly very inconclusive. This, it is to be observed, is the first verdict since the new party was made; and in view of the character of the evidence, and the charge of the court upon it, we incline to think a new trial ought to have been granted.

To support a recovery by the plaintiff in this case, he ought to satisfy the jury by competent evidence that the goods were damaged before they came into his possession; and that when he made the settlement and gave the receipt for freight, he acted in ignorance or under a mistake of fact; or that he was induced or influenced thereto by some imposition practiced upon him by one or both of the defendants; that some artifice was used, or there was some misrepresentation, concealment, or suppression of some fact which it was material for the plaintiff to know; a knowledge of which might have caused him to act differently.

We are of opinion that the judgment be reversed, and the cause remanded for a new trial.

Reversed and remanded.