### Frank Ross v. The State.

Although the charge of the court may not be free from objection, yet if, as a whole, it leaves all the facts to the determination of the jury, the judgment will not be reversed.

The charge to the jury is perfectly unexceptionable only when the judge confines himself to the duty of setting forth the law applicable to the case, without expressing or intimating any opinion as to the weight of evidence, or the credibility of statements made by the party accused or by the witness. (Paschal's Dig., Art. 3859, Note 744.)

Nothing has been furnished to the *Reporter* but the brief for the State and the opinion, neither of which shows from what county the case was brought. In the absence of the record the *Reporter* gives the brief of Mr. Jack, who represented the attorney general.

*Thos. M. Jack,* for the State.—The first motion for a new trial presents simply a question of the sufficiency of the evidence. By reference to the statement of facts, the court will be satisfied that the testimony is ample and conclusive.

The second motion objects to the qualification of one of the jurors. After the jury have been sworn, the case tried, and a verdict rendered, the objection comes too late.

Besides, the motion is neither supported by the affidavit

of the accused, nor any one else. He will not be allowed to dispute this record in the court. There is no evidence that the motion was founded in fact, and the court below properly overruled it. (McGehee v. Shafer, 9 Tex., 23; Bretge v. Lander, 22 Tex.)

The motion in arrest of judgment is based on the fact, that the indictment contains no allegation of the value of the property charged tó have been stolen.

The indictment charges the stealing of a *gelding*, and is founded on article 765 of the Penal Code, which prescribes, "If any person shall steal any horse, *gelding*, &c., he shall be punished by confinement in the penitentiary not less than five, nor more than fifteen years." The value of the animal is wholly immaterial, not entering at all into the nature of the offense or the extent of the punishment. In such a case, the distinction of grand and petty larceny does not hold. (Lopez v. The State, 20 Tex., 780, which decides the very principle here involved.)

Bell, J.—We are of opinion, that there is no error in the judgment of the court below. The charge of the court to the jury is perhaps, in one respect, somewhat objectionable. The jury were told, that if the accused gave a conflicting account of how he came by the horse, and how he held him, and did not account satisfactorily for the possession of the property, they might infer that he took the horse fraudulently, &c. Other parts of the charge conveyed to the mind of the jury very clearly and fully the idea that it was their province to determine the question of the guilt or innocence of the accused from all the facts and circumstances in evidence before them, and we do not think that the charge can be considered as having gone beyond the law in the allusion by the judge to the character of the evidence. It is proper to remark, however, that a charge to a jury is perfectly unexceptionable only when the judge confines himself to the duty of setting forth the law appli-

cable to the case, without either expressing or intimating any opinion as to the weight of the evidence, or the credibility of statements made by the party accused or by the witnesses.

The line which separates the province of the judge from that of the jury is oftentimes shadowy and difficult to be traced. But inasmuch as the legislature has committed to the jury the right to exercise their independent and unbiased judgment in determining upon facts, and has denied to the judge the right to comment upon the facts in evidence, the courts should exercise the greatest care in framing instructions to juries, so as not to violate, in the least degree, the spirit of the law on this subject.

The judgment of the court below is

AFFIRMED.