## DAVID KIMBRO v. MORGAN C. HAMILTON.

Trespass to try title, to which the limitation of ten years was relied on as a defense. It appearing that the title to the land in controversy was in the government until it was vested in the plaintiff, the jury were correctly instructed that the statute of limitation of ten years did not commence running against the plaintiff until the legal title was vested in him by the patent, or the equitable title by his location and survey of the land, by virtue of a genuine certificate. (Paschal's Dig., Art. 4624, Note 1033.)

The word "possession," as used in the statute of limitation, may mean either an actual residence on the land, or such cultivation, use, and enjoyment of the same, by visible, notorious acts of ownership, as would give notice to the owner and others of the adverse possession of the land; and it was for the jury to determine whether a sufficient possession had been proved to sustain the defendant's plea of ten years' limitation. (Paschal's Dig., Art. 4624, Note 1033.)

The plaintiff's patent was evidence of the genuineness of the certificate on which it issued, and the field-notes of the survey made for the plaintiff, and introduced by the defendant, were competent evidence to prove that the survey was made by virtue of the certificate mentioned in the field-notes.

The following charge, given at the instance of the plaintiff, is *held* to be erroneous: "In order to enable the defendant to recover, he must show that the plaintiff had a legal or equitable right to the land ten years before the suit was brought. This is not shown by the mere production of the field-notes, without the certificate and proof of its genuineness. Having failed to do this, you will inquire whether the defendant has had the land ten years since the issuance of the patent, and, if he has not, you will find for the plaintiff." This is a charge on the weight of evidence, in assuming that the defendant had failed to establish that the certificate on which the plaintiff's patent issued was genuine at the date of the survey made for the plaintiff of the land in controversy, the field-notes of which had been introduced by the defendant. And the charge was further erroneous in instructing the jury that the survey and patent were not evidence of the genuineness of the certificate at the date of the survey. (Deen v. Wills, 21 Tex., 642, cited by the court; Paschal's Dig., Art. 1464, Note 562.)

In regard to recitals in deeds and patents, the general rule is, that all parties to a deed are bound by the recitals therein, which operate as an estoppel, working on their interest in the land, if it be a deed of conveyance, and binding both parties, and privies in blood, privies in estate, and privies in law. Between such parties and privies the deed or other matter recited need not at any time be otherwise.

The defendant, in support of his plea of ten years' limitation, read in evidence the survey on which the patent was founded, which survey purported to have been made by virtue of the certificate on which the plaintiff's patent issued: *Held*, that the survey and the patent were competent and sufficient to establish, first, that the survey was an appropriation of the land by the plaintiff at the date of the survey in April, 1847; secondly, that the certificate was genuine; and, thirdly, that limitation might have run against the plaintiff from the date of the survey, or as soon thereafter as the defendant went upon the land and set up an adverse claim against the plaintiff. It was error, therefore, to instruct the jury so as to restrict the defense under the statute of limitation to the date of the plaintiff's patent.

APPEAL from Williamson. The case was tried before Hon. EDWARD H. VONTRESS, one of the district judges.

The appellee, M. C. Hamilton, brought this action of trespass to try title and for damages on the 20th of August, 1859. The land in question was a tract of six hundred and forty acres, in Williamson county, which was patented to the plaintiff, as assignee of William Mullen, on the 15th of June, 1858. The transfer of Mullen's certificate to the plaintiff was made on the 16th of November, 1837.

The defendant, Kimbro, plead a general denial, and an-

swered specially, that he and those under whom he claimed had had and held the actual and continuous adverse possession of the land for more than ten years next before the institution of the suit, claiming the said land as his own, and undisturbed by adverse suit or otherwise in the use, cultivation, and enjoyment of the same, by means whereof the plaintiff, at and before the institution of this suit, was barred by the statute of limitation of ten years; wherefore the defendant prays for a decree for six hundred and forty acres of said land, including his improvements.

The cause came to trial at the spring term, 1861. The plaintiff read his patent, and rested his case.

The defendant read the field-notes of the survey of the land made for the plaintiff, as assignee of Mullens. The survey was made on the 15th of April, 1847, as appeared by the field-notes. The defendant next put in evidence a land-office sketch of the land in suit and the adjoining surveys. Next, he read in evidence the date of the filing of this suit, viz, August 20, 1859. Several witnesses were then introduced by the defendant, to prove acts and claim of ownership exercised by him on the land in question for more than ten years previous to the bringing of the suit. As the opinion of this court does not involve a consideration of this testimony, it would serve no purpose to detail it.

The plaintiff introduced several witnesses with reference to the possession held by the defendant, and to prove that he claimed to have taken and held the same as agent of another party, and not for himself. For the reasons already given, this testimony need not be particularly set forth.

The instructions to the jury are sufficiently stated in the opinion.

The jury returned a verdict for the plaintiff, and judgment was rendered accordingly. The defendant's motion for a new trial was overruled, and he appealed. The errors assigned are based upon the various instructions given, and refused.

*Chandler & Turner*, for appellant.—The plaintiff in his petition shows his right to be based upon the William Mullens certificate of a certain date and number. The defendant showed the date of the field-notes and survey, by virtue thereof, made by the surveyor for the plaintiff, to wit, April 15, 1847, more than twelve years before the institution of this suit. The patent had been introduced by the plaintiff, which showed the identity of the field-notes and certificate, and was evidence of the genuineness of the certificate.

As to the sufficiency of the proof as to when the statute would begin to run, see the case of Smith v. Power, 23 Tex., 29. In that case the court in effect says that the defendant might have shown when the statute would begin to run by showing the date of the location and survey.

Had no patent issued to the plaintiff, then the defendant might have been called upon to show the validity of the William Mullens certificate, else the legal title or equitable title still remained in the government, and no limitation could run against or bar the government. But the fact that the patent issued by the proper officer was, *prima facie*, evidence on that point. (Deen v. Wills, 21 Tex., 649, on re-hearing; also Warnell v. Finch, 15 Tex., 166.)

Further, to permit the plaintiff to question the validity of the William Mullens certificate, up to the time he got his patent, would in effect be to suffer him to dispute his own title. In all those cases where the validity of the certificate has been regarded as a material portion of the proof, so far as we are advised, no patent had been issued. The issuance of the patent presumes, *prima facie*, that all things anterior are both legal and regular. The issuance of the patent was proof that the William Mullens certificate, described in the plaintiff's petition and in the copy of the field-notes produced in evidence, was, at its inception, a valid claim against the government for the six hundred and forty acres of land sued for, and therefore the

charge given was clearly erroneous, and inevitably controlled the whole case.

It will be said that defendant did not hold all the time in his own right these lands, but claimed under Henderson part of the time. This was a question of fact for the jury. Admitting the proposition claimed by appellee and by the charge, the jury were cut off from even considering the question at all, as it could not matter as to the manner of holding, if the time could be computed only from the date of the patent..

The proposition, however, is not admitted, that the party must hold during the whole ten years in his own right. The statute adds no such qualifications, and we believe that ten years' actual, continuous possession, and that possession an adversary one to the right of the plaintiff, is sufficient.

Under our statute, the same length of time is required to bar the recovery to six hundred and forty acres without title, and the same character of possession, as is requisite to toll the right of entry, and the same character of possession that would effect the one would effect the other. (Shannon v. King, 1 A. K. Marsh, 3; Hoard v. Walton, 2 Id., 620.)

The court further charged the jury, that if the defendant originally entered as the agent or tenant of Henderson, then his possession was the possession of Henderson, and could not avail him to defeat Hamilton. This charge was erroneous. Why? Henderson's title was adversary to that of Hamilton, as the proof shows.

Kimbro, if not claiming these particular lands all the time in his own right, claimed through and under Henderson, entered under him and held in privity with him; and the possession having been held all the time by Kimbro, and all the time in the same right, it can be of no moment how much of the time he claimed to be on the land asserting title for Henderson, or how much of the

time he claimed the lands in his own right under Henderson, the possession being all the time adversary.

This court has said, in Wheeler v. Moody, 9 Tex., 377, "The possession need not be continued by the same person, but when held by different persons it must be shown that a privity existed between them."

In Williamson v. Simpson, 11 Tex., 444, the court says: "The possession held by several persons successively in privity with each other will be considered as one possession, so as to form the statutory bar." (Christa v. Alford, 17 How., 601.)

*Hancock & West,* for the appellee.

DONLEY, J.—The court correctly charged the jury, that the statute of limitation of ten years would not commence running against the plaintiff until the legal title was vested in him by the patent, or the equitable title by the location and survey of the land by virtue of a genuine certificate, it clearly appearing that the land was in the government until vested in the plaintiff; and that by the word "possession," as used in the statute, may be meant an actual residence on the land, or such cultivation, use, and enjoyment of the same, by visible notorious acts of ownership, as would give notice to the owner and others of the adverse possession of the land; and that it was for the jury to determine from the evidence whether a sufficient possession had been proved to sustain the plea of the statute of limitation of ten years.

The jury was further correctly charged, that the patent read in evidence, and under which the plaintiff claimed the land, was evidence of the genuineness of the certificate on which the patent issued, and that the field-notes read in evidence were competent evidence to prove that the survey was made by virtue of the certificate mentioned in the field-notes of said survey.

The following part of the charge, in which it is said that the survey was not competent to prove the genuineness of the certificate, when the patent was before the jury to be considered with the survey, is believed to have been erroneous. The fact that the survey and patent were not evidence of the genuineness of the certificate was brought prominently before the jury. At the request of the plaintiff, the jury were instructed that, "in order to enable the defendant to recover, he must show that the plaintiff had a legal or equitable right to the land ten years before the suit was brought. This is not shown by the mere production of the field-notes, without the certificate and proof of its genuineness. Having failed to do this, you will inquire whether Kimbro has had the land ten years since the issuance of the patent; and, if he has not, you will find for the plaintiff." This last charge, given at the request of the appellee, was objectionable as a charge on the weight of testimony. It is, in the charge, assumed that the defendant had failed to establish, that the certificate on which the appellee's patent issued was genuine at the date of the survey read in evidence by appellant, being for the land sued for in this action. This charge was erroneous. (Hart. Dig., Art. 753.)

The charge was further erroneous, in holding and instructing the jury that the survey and patent were not evidence of the genuineness of the certificate at the date of the survey. In Deen v. Wills, 21 Tex., 642, Wills relied on the statute of limitation, claiming under a patent.

By the plaintiff it was contended that the patent would not avail the defendant, as it was averred that it was founded on a certificate that had not been confirmed by the District Court; and evidence was also offered to show that the certificate on which the patent was founded had never been recommended for patent. The last testimony, which was by deposition, was excluded, as appears, for informality. The court held that "the patent is, *prima*

*facie,* evidence that the genuineness of the certificate had been duly established, and that it was valid from date. It devolved on the plaintiff to prove that it had not been established in any of the modes known to the law."

Here, in confirmation of the genuineness of the certificate, there is the patent under which the plaintiff claims, from the recitals in which it is clearly shown that it is founded on the Mullens certificate. These recitals must be held as legal evidence, as against the patentee, of the facts recited in his patent. It is said in 1 Greenl. on Ev., § 23: "In regard to recitals in deeds, the general rule is, that all parties to a deed are bound by the recitals therein, which operate as an estoppel, working on their interest in the land, if it be a deed of conveyance, and binding both parties, and privies in blood, privies in estate, and privies in law. Between such parties and privies the deed or other matter recited need not at any time be otherwise proved. The recital of it in the subsequent deed being conclusive, it is not offered as secondary but as primary evidence, which cannot be averred against, and which forms a muniment of title. Thus the recitals in a lease in a deed of release are conclusive evidence of the lease against the parties and all others claiming under them in privity of estate."

In Carver v. Jackson, on demise of Astor, 4 Peters, 83, it is said that "the exceptions of defendant grew out of the non-production of the deed of marriage settlement, and of the sufficiency of the evidence to establish its original existence or its subsequent loss. We do not think it necessary to go into a particular examination of the various exceptions on this head, or of the actual posture under which they were presented to the court, or of the manner in which they were ruled by the court. Whichever way many points may be decided, our opinion proceeds upon a ground which supersedes them and destroys all their influence upon the cause. We are of opinion that, not only

the recitals of the lease in the deed of marriage settlement was evidence between these parties of the original existtence of the lease, but that it was conclusive evidence between those parties of that original existence, and superseded the necessity of introducing any other evidence to establish it. To what extent and between what parties the recital of a lease in a deed of release is evidence, is a matter not laid down with much accuracy or precision in some of the elementary treatises on the subject of evidence. It is laid down generally, that a recital of one deed in another binds the parties and those who claim under them. Technically speaking, it operates as an estoppel, and binds parties and privies."

The survey read in evidence and the patent, which clearly appears to be founded on that survey, were competent and sufficient evidence that the survey, purporting to have been made by virtue of the certificate to William Mullens, on which the plaintiff's patent appears to have issued, was an appropriation of the land from the date of the survey, in April, 1847, that the certificate was genuine, and that limitation might have run against the appellee from that date, or as soon thereafter as the appellant went upon the land and set up an adverse claim against the appellee. The ruling of the court upon this question was erroneous; it in fact restricted the defense under the statute of limitation to the date of the patent of appellee, a little more than one year before the institution of the suit. This ruling deprived the defendant of any reasonable hope of succeeding upon the plea of the statute of limitation.

The view we have taken of this question renders it unnecessary to consider other points that might arise upon the record, and we forbear an expression of opinion until those questions shall be more thoroughly discussed.

The judgment is reversed, and the cause

Remanded.