## STEVE SEARCY v. THE STATE.

1. BURGLARY—CHARGE OF THE COURT.—In a trial for burglary, charged to have been committed by shooting a pistol into a house, with intent to murder, the court below, after defining the offense, further instructed the jury that the first question for their determination was, "Who did the shooting." *Held*, that this instruction was erroneous in assuming that an important allegation of the indictment had been proved, and as being a charge on the weight of evidence.

2. CHARGE OF THE COURT.—Though the improbability of testimony may impair the credibility of the witness giving it, yet the jury should not be instructed to discard the testimony from their consideration.

3. SAME.—Misinstruction of the jury as to the term in the penitentiary assessable for the crime is held error in this case, notwithstanding the term actually assessed was within the legal limits—it being impossible to say that the accused was not prejudiced by the misinstruction.

APPEAL from the District Court of Caldwell. Tried below before the Hon. L. W. MOORE.

The case is sufficiently stated in the opinion.

*Nix & Storey*, for the appellant, filed an able brief and argument.

*George McCormick*, Assistant Attorney General, for the State.

Ector, Presiding Judge. The appellant was indicted in this case for burglary. The burglary is alleged to have been committed by the discharge of fire-arms—namely, a pistol—into the dwelling-house of Nelson Paulingman, with intent to murder him, the said Nelson Paulingman.

The charging part of the indictment is in the following words: "That Steve Searcy, late of the said county, on the tenth day of March, in the year of our Lord one thousand eight hundred and seventy-six, with force and arms, in the county aforesaid, did then and there willfully, unlawfully, feloniously, and burglariously discharge certain fire-arms—namely, a pistol—into the dwelling-house of Nelson Paulingman, with the willful and felonious intent then and there and thereby to commit a felony in said house—namely, he, the said Steve Searcy, did then and there discharge said pistol into said house, as aforesaid, with the willful and felonious intent on the part of him, the said Steve Searcy, of his malice aforethought, then and there to murder a certain reasonable creature in being, in the peace of God and the state then and there in being, within said house, namely, the said Nelson Paulingman, against the peace and dignity of the state." On the 6th day of October, 1876, the defendant was tried and convicted by the jury, and his punishment assessed at five years' confinement in the penitentiary.

The counsel for the defendant made a motion for a new trial and one in arrest of judgment, both of which were overruled by the court, and the defendant gave notice of appeal to this court.

The counsel for the defendant filed an assignment of a number of errors committed on the trial of this cause. They are as follows, to wit:

"1st. The court erred in the charge to the jury, in assuming the fact of shooting into the house, as charged in the indictment, and that the first question for the jury to determine was, 'Who did the shooting.'

"2d. The court erred in charging the jury upon the weight of the testimony, as follows: 'You will determine the character of the weapon used by the circumstances and effect of the shots, the number of the instant discharges, and the character of the leaden bullets found in the house.'

"3d. The court erred in the charge to the jury upon the conflict of the testimony.

"4th. The court erred in not charging the jury all the law applicable to the case and the facts in evidence.

"5th. The court erred in refusing to give to the jury the instructions asked by the defendant's counsel.

"6th. The court erred in the charge to the jury as to the punishment to be assessed against the defendant if found guilty.

"7th. The court erred in overruling defendant's motion for a new trial.

"8th. The court erred in overruling defendant's motion to arrest the judgment in this case.

"9th. The court erred in approving the verdict of the jury and sentencing the defendant to confinement in the state penitentiary."

As the judgment in this case will be reversed, we will only notice such of the assignment of errors as we deem important.

The court charged the jury that the first question for them to determine is, "Who did the shooting?" In this the court assumed that an important allegation in the indictment had been proved, and is, we think, a charge on the weight of

evidence. See Pasc. Dig., Art. 3059; *Ross* v. *The State*,. 29 Texas, 499; *Lowrie* v. *The State*, 43 Texas, 602; *Kimbro* v. *Hamilton*, 28 Texas, 566; *Austin* v. *Talk*, 26 Texas, 130; *Jones* v. *The State*, 13 Texas, 175. We believe the 1st and 2d assignments of errors are well taken.

The defendant relied to a considerable extent on an *alibi*,. and introduced testimony to prove it. An attempt to prove an *alibi* is frequently resorted to by bad men to screen themselves from the punishment which they justly deserve. At the same time, it occasionally occurs that to prove an *alibi* is the only way that an innocent man has to establish his innocence. In view of the testimony in this case, if the counsel for the defendant had desired a charge on this point, it was his duty to have asked one.

It is insisted, in the 3d assignment of errors, that the court erred in its charge upon the conflict of evidence, wherein it added to an objectionable charge the words,. "believing such as you choose." We do not feel called upon to say more upon this portion of the charge than that there is no rule of law which would authorize a court at any time to instruct the jury that they should discard from their consideration a part or the whole of the testimony of any witness which they may regard as improbable or untrue, and find their verdict on such testimony as they regard as true and worthy of credit. Whilst the improbability of the statements of a witness may diminish his credibility, the jury should not be instructed to discard it from their consideration. There would be, however, no error in instructing the jury that they are the exclusive judges of the degree of credit to be given to the statement of a witness, and that,. where there is an apparent conflict between the statements of different witnesses, the jury should, if they possibly can, reconcile the apparently conflicting statements; and that, when they cannot do this, they may decide who of the witnesses is entitled to the greater credibility. For when

the evidence is conflicting in its tendency, as it often is, the ·duty is necessarily imposed on the jury of determining on the credibility of the witnesses, and of reconciling the facts as best they can.    See *Monroe* v. *The State*, 23 Texas, 230 ; *Rideus* v. *The State*, 40 Texas, 200 ; *Bishop* v. *The State*, 43 Texas, 394.

The court erred in its charge to the jury as to the punishment they would assess if they found the defendant .guilty.    The court charged the jury that if they found the defendant guilty they would assess his punishment at not less than three nor more than ten years in the penitentiary, whereas the punishment prescribed by the law for the offense charged in this case is not less than two nor more ·than seven years.    See Pasc. Dig., Art. 2368.    We cannot say what influence this error in the charge had on the minds of the jury.    The verdict clearly shows that the jury .graded the punishment between the minimum and maximum which they could assess, under the charge of the court, ·if they found the defendant guilty.    The verdict was for just half the time allowed under the charge, but more than ·two-thirds of the limit prescribed by law.    See case of .*Hobbs* v. *The State*, 44 Texas, 353.

It is impossible to say that the erroneous charge of the ·court may not have had some weight in leading the jury to fix five years' imprisonment instead of the minimum of two .years.    We believe that the defendant is entitled to a new trial because he may have been prejudiced by this error in ·the charge of the court.

We think the indictment is a good one for burglary under. .Article 2362, Paschal's Digest.

The judgment of the court below is reversed and the ·cause remanded.

*Reversed and remanded.*