### W. L. RENFRO v. THE STATE.

1. CHARGE OF THE COURT. — Being charged with the theft of an estray, the defendant applied for a continuance to procure the testimony of a witness by whom, as he alleged, he could prove that he, the defendant, purchased the animal from the witness. At the trial, the State introduced the application for continuance as evidence against the defendant, and with reference to it the court below instructed the jury that they were not bound to believe all its allegations, but might believe such of them as inculpated the defendant and reject the rest. *Held,* that, in view of the facts in proof, this instruction was tantamount to an expression of the court's opinion upon the evidence, and was error to the prejudice of the defendant.

2. CATTLE-THEFT — EVIDENCE. — The State was allowed to prove by two witnesses that they, in the absence of the defendant, had caught the cow alleged to have been stolen, and closely examined the original brand upon her, and that she was recognized as an estray in the neighborhood where she ranged. *Held,* that the proof was admissible.

APPEAL from the District Court of San Saba. Tried below before the Hon. W. A. BLACKBURN.

By the first count in the indictment the appellant was charged with removing a certain cow, the property of some person unknown to the grand jury, from its accustomed range, without the consent of the owner, etc. The second charged him with the theft of the cow ; and upon this count he was found guilty by the jury, and his punishment assessed at three years in the penitentiary.

The appellant, it appears by the evidence, lives within three quarters of a mile of F. Freeman, the principal witness for the State, about whose premises the cow in question had been straying for nearly a year, unclaimed, and in a

strange brand, when the brand and mark of the defendant were put upon her. The defendant had frequently seen her in Freeman's pen, who was in the habit of milking her, and who made general but ineffectual inquiry to ascertain who owned or claimed her. When found with the defendant's mark and brand freshly put upon her, Freeman sent for Clements and Cole, two of his neighbors, who roped the cow and threw her down for the purpose of ascertaining the old brand. Clements clipped the hair from the old brand, and it was found to be a different brand than the defendant's. According to the testimony of Freeman and Cole, Clements laid no claim to the cow, and Freeman stated that he knew all of Clements' cattle, and was positive she had never belonged to Clements.

The defendant had applied for a continuance on account of the absence of Clements, by whom, as he alleged, he could prove that he (Clements) had owned the cow and sold her to defendant. The prosecution put this application in evidence, for the purpose, doubtless, of fortifying the defendant's mark and brand as proof that he had appropriated the cow.

The defendant introduced his brother and another witness, who testified that they were present when the defendant bought the cow from Clements. They fixed the date of the transaction at the middle of April, 1878, and this concurred with the application for a continuance, which laid it on the 15th of that month. The prosecution, however, adduced further testimony, in rebuttal, to the effect that the defendant's mark and brand were not put on the cow until a month or more after that date; and thereupon the defence recalled its two witnesses, and they, on reflection, thought it might have been in May or June that the defendant purchased the cow from Clements.

*Carleton & Morris*, for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

WHITE, P. J.   For the purpose of fixing beyond question the fact that the defendant claimed to be the owner of the animal charged to have been stolen, the prosecuting officer introduced and read in evidence defendant's sworn application for continuance, which had been filed just before going into trial.   In this application defendant avowed that he had purchased the cow from one Clements, the absent witness for whose testimony the continuance was desired.   With a view to this evidence, the court instructed the jury as follows, viz. : " When the State introduces the confessions or declarations of a defendant, the jury are not bound to believe them all, but are at liberty to judge of them, like all other evidence, by all the facts and circumstances of the case, and may, if they see sufficient grounds for so doing, believe that part which charges the accused and reject that which is in his favor ; but this rule is not an arbitrary one, which you will adopt without any reason therefor, but only when you find sufficient reason for so doing, after considering all the testimony in the case."

Though abstractly correct, yet, as applicable to the particular facts in this case, we are of opinion that the charge was erroneous, in that it was more than mere intimation, and amounted in effect to telling the jury that there were portions of the affidavit for continuance which were true and others which were not, and their attention was particularly called to the fact that they might " believe that part which charges the accused and reject that which is in his favor."

A charge to the jury is perfectly unexceptionable only when the judge confines himself to the duty of setting forth the law applicable to the case, without either expressing or intimating any opinion as to the weight of the evidence, or the credibility of statements made by the party accused or the witnesses.   *Ross* v. *The State*, 29 Texas, 499 ; *Butler* v. *The State*, 3 Texas Ct. App. 48 ; *Jackson* v. *The State*, 7 Texas Ct. App. 363 ; *Fisher* v. *The State*, 4 Texas Ct.

App. 181; *Satterwhite* v. *The State*, 6 Texas Ct. App. 609.

We are of opinion that the court did not err in admitting in evidence what was done by the witnesses Freeman and Clements towards ascertaining the brand which was upon the cow. The admissibility of such evidence could not be affected, we apprehend, one way or the other, by the presence or absence of the accused at the time. Nor did the court err in permitting the witnesses to testify that the cow charged to have been stolen was recognized as an estray in their neighborhood, where she ranged. Such evidence was about as good and satisfactory as could have been adduced that she was an estray, whose owner was unknown.

None of the other errors complained of are likely to arise upon another trial.

For error in the charge of the court, the judgment is reversed and the cause remanded.

*Reversed and remanded.*