## No. 5945.

### R. P. BIGHAM *v.* JOHN McDOWELL ET AL.

1. CHARGE OF COURT.—It is error to give in charge to the jury a proposition of law, which, however correct as an abstract proposition, could have no application to the case except upon a condition of facts not in evidence.
2. DIGNITY OF CALLS IN A SURVEY.—Though as a general rule the course and distance of lines called for in a grant will yield to a call for a natural object or a marked line, yet if upon applying the calls of the grant to the land, the surrounding and connecting circumstances adduced in evidence to explain the discrepancy, render it apparent that course and distance as called for are the more certain and reliable guides to the true location of the grant, they will prevail.

APPEAL from Bell.  Tried below before the Hon. W. A. Blackburn.

*Harris & Saunders,* for appellant:  On their proposition to the effect that it was error to charge regarding facts not in evidence, they cited Markham v. Carothers, 47 Texas, 22; Smith v. Montes, 11 Texas, 24; Austin v. Talk, 20 Texas, 162; Andrews v. Marshall, 26 Texas, 212; Austin v. Talk, 26 Texas, 130; Andrews v. Smithwick, 20 Texas, 111.

That the charge giving rules to govern the survey was error, they cited Tyler on Boundaries, 202; Booth v. Strippleman, 26 Texas, 440; Hubert v. Bartlett, 9 Texas, 104; Burkley v. Bowman, 2 Bibb, 493; Shipp v. Miller, 2 Wheaton, 316; Chenoweth v. Haskell, 3 Peters, 92; Booth v. Upshur, 26 Texas, 66; Ayers v. Watson, Supreme Court U. S., in Federal Reporter of March 30, 1885; Stafford v. King, 30 Texas, 257; Welder v. Hunt, 34 Texas, 44; Willis v. Lewis, 28 Texas, 185; Zapp v. Michaelis, 58 Texas, 274; Blankenship v. Douglass, 26 Texas, 225; Booth v. Strippleman, 26 Texas, 440; Bolton v. Lann, 16 Texas, 96.

*Monteith & Furman,* for appellee, cited Boon v. Hunter, 62 Texas, 582; Jones v. Andrews, 62 Texas, 657; Davis v. Smith, 61 Texas, 22.

ACKER, JUDGE.  The patent to the Wilder one thousand two

---

---

hundred and eighty acre survey, the east boundary line of which is the subject of contention in this suit, does not call for any other surveys. It gives the southwest corner of the Wilder six hundred and forty acre survey as its northwest and initial corner, but, beyond this, the patent contains no reference to other surveys. It seems probable from the evidence that, at the time the certificates were located, no line was actually surveyed between the Evans and Wilder surveys. The southeast corner of the Evans and the northwest corner of the Wilder appear to be plainly marked and clearly identified, but there is much conflict in the testimony as to whether the original east line of the Evans has ever been actually located. The natural objects called for in the field notes of the Wilder are not found at the places indicated in the patent, nor are there any marked lines found indicating the boundaries of the original survey, unless the marks found on the line south of Nolan creek, which appears to be regarded as the west line of the Evans, were intended to indicate the east line of the Wilder.

The court below instructed the jury as follows: "If no survey has in fact ever been made, yet if the calls in the patent for other surveys, and for natural and artificial objects are such that thereby the land conveyed by the patent can be found and identified by other surveys surrounding the same, this, in law, is a sufficient description."

Appellant contends that this instruction is erroneous, because the testimony did not warrant it. As an abstract proposition, we believe the instruction is correct, but we do not think it applicable to the facts of this case. There are no "calls in the patent for other surveys" by which the land "can be identified by other surveys surrounding it." It is probable that this instruction influenced or mislead the jury, and we think the court erred in giving it. (Andrews v. Smithwick, 20 Texas, 111; Austin v. Talk, 26 Texas, 127; Andrews v. Marshall, Id., 212.)

It is insisted that the court erred in giving the following instruction: "But, if the testimony fails to satisfy you of the true locality of said Wilder survey, by all the lines and corners, or a sufficient number of them, actually run and marked upon the ground, then you will see if you can identify the same by evidence in regard to other calls, if any, made in the field notes. And if you believe, from the evidence, that some of the lines and corners of the survey have been proved to be found, marked and established, and there are other lines and corners that, if

ever marked and established, can not now be found, and are not now proved to your satisfaction by any natural or artificial objects, you may, if the evidence in the case satisfies you that from all the surrounding and connected facts and circumstances the true location of the lost lines and corners (if any) can be more certainly found by running the course and distance called for in the field notes, from such corners as you may find to be marked and established on the ground; then, if you so believe, you may establish the lost corners and lines (if any) of the Wilder survey, by running from established corners (if you find any) the course and distance called for in the field notes; and if the lines and corners thus found by you creates a vacancy between the east boundary of the Wilder and the west boundary of the Evans, as claimed by plaintiff, then you will find for plaintiff."

Primarily the land granted must be identified by the description given of it in the grant. The dignity or importance of the calls usually employed in the grants, surveys and entries of land have been graded or classified by the courts, and it is now settled that the highest in importance and weight is natural objects, as rivers, creeks, etc.; second, artificial objects, as marked lines monuments, etc.; third, course and distance. But, as said by Justice Roberts in Booth v. Upshur, 26 Texas, 70: "The lowest grade, course or distance, is made to prevail over the highest grade, when, upon applying the calls of the grant to the land, the surrounding and connected circumstances adduced in proof to explain the discrepancy, show that course or distance is the most certain and reliable evidence of the true locality of the grant." To the same effect are, Booth v. Strippleman, 26 Texas, 441; Stafford v. King, 30 Texas, 257; Davis v. Smith, 61 Texas, 21; Fagan v. Stoner, 67 Texas, 287

If the evidence in the case, from all the surrounding and connected facts and circumstances, satisfied the jury that the true locality of the grant could be more certainly found by running course and distance called for in the field notes from such corners as they might find to be marked and established on the ground than by observing the calls for natural or artificial objects, then it was their duty to have so determined, and they should have been so instructed by the court. It should not have been left to the discretion of the jury whether they would do so or not.

We think the court erred in this instruction also, and, for the

errors indicated, we are of opinion that the judgment of the district court should be reversed and the cause remanded.

*Reversed and remanded.*

Opinion adopted November 22, 1887.