

# THE ATTORNEY GENERAL

## OF TEXAS

GERALD C. MANN
XXXXXXXXXXXXXXXXX
WILD WILSON XXXX
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. 0-5204
Re: Duty of Comptroller of Public
Accounts to issue certificate
of payment of inheritance taxes
paid to local tax collector
but not remitted to Comptroller,
and related questions.

　　　　In your letter of April 9, 1943, you enclosed
photostatic copy of the original receipt of the Tax Collector
of Bexar County, dated December 1, 1925, receipting payment
of $208.80 inheritance taxes. You stated that only $104.40
of this amount was ever received by you. Since you are re-
quested to execute a certificate that all such taxes were
paid, you desire the opinion of this department as to the
proper reply to make to this request.

　　　　. Article 7132 provides:

　　　　"All taxes received under this law by any
executor, administrator or trustee, shall be paid by
him to the tax collector of the county whose county
court has jurisdiction of the estate of the decedent.
Upon such payment, the collector shall make dupli-
cate receipts thereof and shall deliver one to the
party making payment, the other he shall send to the
amount thereof and shall countersign and affix his
seal to such receipt and transmit same to the party
making payment. Acts 1923, 2nd C. S., p. 63."

　　　　Apparently these taxes were properly paid to
the Tax Collector of Bexar County, and he issued his official
receipt therefor. However, the photostatic copy of the re-
ceipt handed us does not appear to have been countersigned

by the duly elected, qualified and acting Comptroller of Public Accounts.

Tax receipts are admissible to prove payment of taxes. Deen v. Wills, 21 Texas 642. But if the taxes are not actually paid, the taxing authority may recover the same even though tax receipts are made out and delivered. Graves v. Bullen, 115 S. W. 1177, City of Georgetown v. Jones, 73 S. W. 22.

With the tax receipt now in the possession of the taxpayer, we are of the opinion that he can successfully resist any suit to collect these taxes, unless the taxing authority can produce evidence that such taxes were not actually paid. But we are unable to find any statute making it your duty to issue certificates of the payment of taxes not actually received by you. It is true that the taxpayer paid the inheritance taxes in question to the proper official, but he did not follow the statute and receive a receipt countersigned by the then Comptroller. The requested certificate is for the convenience of the taxpayer, but we are of the opinion that you are under no legal duty to issue such certificate.

Yours very truly

ATTORNEY GENERAL OF TEXAS


By    Thos. B. Duggan, Jr.
                Assistant


TBD/pw--pam

APPROVED APR 28 1943
GERALD C. MANN
ATTORNEY GENERAL OF TEXAS

APPROVED OPINION COMMITTEE
BY BWB, CHAIRMAN