MARY A. BARNES & another *vs.* GARRETT LYNCH & others.

Essex.    November 6, 1889. — May 24, 1890.

Present: FIELD, DEVENS, W. ALLEN, C. ALLEN, HOLMES,
& KNOWLTON, JJ.

*Tenants in Common — Partition.*

A conveyance by one tenant in common of his interest in part only of the common estate will not authorize a cotenant to enforce partition of such part against the grantee, leaving the residue unpartitioned.

A tenant in common of four distinct parcels of land conveyed, under an erroneous claim of title in severalty, three parcels to different persons. A cotenant subsequently brought a petition for partition of one of the parcels, against the grantee thereof and his cotenants other than the grantor. *Held*, that the petition could not be maintained.

PETITION for partition of a parcel of land in Lawrence. The case was submitted to the Superior Court, and, after judgment for the respondents, to this court, on appeal, on agreed facts, which appear in the opinion.

The case was argued at the bar in November, 1889, and afterwards was submitted on the briefs to all the judges, except *Morton*, C. J.

*B. B. Jones*, for the petitioners.

*C. U. Bell*, (*J. R. Poor* with him,) for the respondent Lynch.

DEVENS, J.   Benjamin G. Boardman, senior, died seised of four distinct parcels of land in Lawrence, which descended to his four children.   Soon after his death Benjamin G. Boardman, junior, one of his sons, erroneously claiming title in severalty to all these parcels, conveyed three of them to different persons.   The title thus claimed by Benjamin G. Boardman, junior, was founded upon a purchase of these four parcels at a tax sale, which sale has been declared void by a recent decision of this court.   *Barnes* v. *Boardman*, 149 Mass. 106.   The grantee of one of the parcels thus conveyed by Benjamin G. Boardman, junior, one Harrigan, conveyed the same to the respondent Lynch, who purchased it in good faith.   The petitioners in their petition for partition in the case at bar are the children and heirs of Charles W., one of the sons of Benjamin G. Boardman, senior, who have brought separate petitions for the partition of these four separate parcels.   The respondents in this petition are Lynch, who claims under one of the deeds from Benjamin G. Boardman, junior, and the heirs or devisees of the two other children of Benjamin G. Boardman, senior.   None of the respondents object to the partition of the parcel in question except Lynch, and the questions presented are whether he can object that partition of all the four parcels of the land which descended to the children of Benjamin G. Boardman, senior, as tenants in common, is not sought in this proceeding, and whether this petition can be maintained against him for partition of this single parcel.   The deed from Benjamin G. Boardman, junior, under which Lynch claims, purported to convey the whole of the parcel described therein, and the contention of the petitioners is in substance that they may, without recognizing its full validity as an operative conveyance, recognize it to the limited extent of conveying the interest of Benjamin G. Boardman, junior, in the parcel therein described, and that Lynch may thus be treated as their cotenant in this parcel only.

That a deed of a portion of the common land by metes and bounds, even where it is composed of separate parcels, may be treated as void by the other cotenants, is well settled.   Nor can a tenant in common enforce partition of a part of the

common land situate in the same county, except by consent of all the cotenants. *Bartlet* v. *Harlow*, 12 Mass. 348. *Varnum* v. *Abbot*, 12 Mass. 474. *Miller* v. *Miller*, 13 Pick. 237. *Blossom* v. *Brightman*, 21 Pick. 283, 284. *Marks* v. *Sewall*, 120 Mass. 174, 177. The cotenants must either treat the deed of the separate parcel to Lynch as good, or must avoid it. If it is treated by them as good, then Lynch is entitled to the parcel it undertakes to convey. If they avoid it, they have no further concern with Lynch, but must proceed against Benjamin G. Boardman, junior, for a division of the whole common land. They cannot treat the deed as good to the extent of conveying the interest of Benjamin G. Boardman, junior, in the specified parcel, and thus make Lynch their cotenant in a distinct portion of the common land. Benjamin G. Boardman, junior, had no more right to convey his interest in such a parcel than the parcel itself, nor did he undertake to do so.

If, as the result of a partition between the other cotenants and Benjamin G. Boardman, junior, the lot of land conveyed to Lynch shall be assigned to Benjamin G. Boardman, junior, then the conveyance made by him might operate by way of estoppel against him. *Varnum* v. *Abbot*, 12 Mass. 474. Whether such a partition will be made is indeed uncertain, but Lynch is entitled to the chance that it may be made, and that thus he may be invested with a title.

The petitioners have brought a separate petition for partition of the lot unconveyed by Benjamin G. Boardman, junior, and separate petitions for partition of each of three several lots conveyed by him. It may be that the four lots are of equal value; if so, it is not just that the other cotenants should be allowed to prevent Lynch or the other individual grantees from having the interest of Benjamin G. Boardman, junior, in the unconveyed parcel considered in the division; nor should it in this way be retained for him. Yet such would be the probable effect of the course proposed. It may be that the lots are of very unequal value, and that the unconveyed parcel is worth much more than the parcels conveyed, perhaps three or four times as much. If so, a partition might be made which would assign to Benjamin G. Boardman, junior, the three parcels which he has conveyed separately. It is not an answer to say, that, in a petition for

partition of the whole estate held by the tenants in common, the respondent Lynch could not be heard. The conveyances made by Benjamin G. Boardman, junior, were made erroneously, by reason of a supposed title distinct from that of the tenants in common. It is to be presumed that he will desire to see justice done his grantees as far as possible in the division, and certainly that he will not seek to hold on to the share of the fourth parcel which his cotenants would leave him, as against the conveyances made by him. While partition is to be made with reference to the rights of cotenants, there is no reason why, these being fully regarded, it should not be made so as to protect those who may be protected and benefited incidentally. Freeman on Cotenancy and Partition, § 205. When an estate in common consists of several parcels, it is not necessary that there should be assigned to each cotenant a share in each parcel. *Hagar* v. *Wiswall*, 10 Pick. 152. It is possible, certainly, that in the partition so made Lynch will not receive as much as the petitioners propose to allot to him, or that, if a separate parcel is assigned to Benjamin G. Boardman, junior, in the partition, it will be one other than that in which Lynch is interested. This is a matter which he must consider. He has a legal right that the tenants in common shall recognize the deed as valid which purported to convey to him by metes and bounds a parcel of the common estate, or that they should treat it as invalid and deal only with his grantor, leaving to Lynch such remedies as he may have.

In *Bigelow* v. *Littlefield*, 52 Maine, 24, the precise question here discussed was passed upon, and it was there held that, where partition of real estate is to be enforced by legal process, the partition of the whole tract held in common must be petitioned for at the same time, that one tenant in common could not enforce partition of a part only of the common estate, and that a conveyance by a tenant in common of a part only of the land thus held would not authorize a cotenant to enforce partition of such part against the grantee, leaving the rest of the estate unpartitioned. In that case a husband and wife were cotenants; the husband conveyed to one Hilton (who afterwards conveyed a portion thereof to one Littlefield) a certain tract of the common estate by metes and bounds, for a full consideration,

and the wife then petitioned for a partition of the tract thus conveyed. It is there said, that, if the petitioner had asked to have the whole estate partitioned, the title of the respondents could have been protected by setting off to the husband the part of the land held by them, leaving to the wife the remainder; or if the land conveyed to the respondents was more than the husband's portion, the title of the respondents could be protected to the extent of the husband's interest in the whole tract. This case does not differ in principle from that at bar; indeed, if Lynch were the only grantee, it would be precisely parallel. While in the case at bar, taken in connection with the other cases, there is more than one grantee and one tract of land, and while there may be less chance that all will be protected, and some may and some may not be, the grantees have the right that the whole share of Benjamin G. Boardman, junior, in the common estate, be considered in any partition, and that they should not be required to limit themselves to his proportion of the three tracts which he assumed to convey in severalty. The cotenants should not be permitted to divide the common estate into parcels, and then seek partition of some of these parcels only.

It is a minor matter, but not unworthy of notice, that the proceedings initiated by the cotenants require four distinct suits, with their attendant costs and expenses, whereas, if one had been brought without reference to the deeds to Lynch and others, the whole matter would have been settled by a single petition. For the reasons stated, a majority of the court are of opinion that the entry should be,

*Petition dismissed.*