Burt & Brabb Lumber Co. v. Clay City Lumber Co.

---

CASE 79—ACTION TO RECOVER POSSESSION OF LOGS—Oct. 11.

# Burt & Brabb Lumber Co. v. Clay City Lumber Co.

APPEAL FROM LETCHER CIRCUIT COURT.

JUDGMENT FOR DEFENDANTS AND PLAINTIFF APPEALS. AFFIRMED.

TENANTS IN COMMON—RIGHT TO CUT LOGS—SALE BY CO-TENANT—EFFECT.

Held: A co-tenant can not without authority, sell the right to cut logs from the land owned in common so as to pass the legal title to the purchaser, and the interest which the purchaser acquires can be asserted only in equity.

S. B. DISHMAN, ATTORNEY FOR APPELLANT.

We claim that the petition in this case stated a cause of action, and the demurrer thereto should have been overruled.

One Ibley V. Bates sold to Nicholls & Marrs, 203 poplar trees on land owned jointly by her and P. H. Bates.' The trees were branded and a deed made by her to Nicholls & Marrs, who conveyed same to Cross, and he conveyed same to appellant. By these several sales and conveyances, appellants were vested with only an undivided half interest in said trees being all the title owned by Ibley V. Bates. Some of these trees were cut and converted into logs, and are now in possession of defendants, one of whom is P. H. Bates the joint owner of one undivided half interest in all of said trees.

It is a well settled rule in this State, that one can reclaim his property as long as he can identify it. The appellants own a half interest and the same is wrongfully in the possession of the defendants. Am. & Eng. Ency., 2d ed., vol. 17, page 680; Pettit v. Merble, 13 Ky. Law Rep., 780; Nevell v. Ky. Lumber Co., 49 L. R. A., 416; 22 Ky. Law Rep., 247.

S. C. TYNE AND J. J. C. BACH, FOR APPELLEES.

POINTS DISCUSSED.

1. A petition that seeks the recovery of a lot of saw logs that were taken from a tract of land by one joint owner, who owned an undivided moiety in the land, does not, in the absence of an averment to the effect that the logs so taken were more than his proportionable part of the timber on the land, state a cause of action.
2. A party is entitled to his property in kind.
3. One of two joint owners of a tract of land can not take all the timber therefrom, and require the other to take his part of its value in land.

OPINION OF THE COURT BY JUDGE BURNAM.

This action was brought by the appellant, the Burt & Brabb Lumber Company, to recover of appellees the possession of 120 poplar sawlogs; if not to be had, $378, their alleged value, and $100 damages. The petition alleges that Ibley V. Holbrooks and Patrick H. Bates were the joint owners of an undivided tract of land in Letcher county; that Ibley Holbrooks and her husband, W. T.

Holbrooks, sold and conveyed by deed to W. H. Nichols and J. P. Marrs 203 poplar trees, then growing on said land; that all of said trees were selected and branded with the letter "N"; that on the 4th day of February, 1890, Nichols and Marrs sold and conveyed by deed these 203 trees to George F. Cross, who by deed dated the 22d of August, 1890, conveyed said trees to the Asher Lumber Company, the name of which was subsequently, by a vote of the stockholders, changed to that of the Burt & Brabb Lumber Company; that the 120 logs sued for were cut from a portion of the 203 trees sold by the Holbrooks to Nichols and Marrs, and by them to Cross, and by Cross to the Asher Lumber Company.    It is further alleged that at the time Mrs. Holbrooks and her husband sold the trees to Nichols and Marrs they were growing upon the land owned jointly by her and the defendant, P. H. Patrick, and were less than one-half the value of such land.  A general demurrer was sustained to the petition, and, the plaintiff declining to plead further, its petition was dismissed, and this appeal is from that judgment.

It was held by this court in the case of Nevels v. Lumber Co., (108 Ky., 550, 22 R., · 247) (56 S. W., 969, 49 L. R. A., 416), "that a cotenant could not without authority sell the right to cut logs from the land owned in common, so that the purchaser could convey a good title to them; and that the latter could not enforce a contract by which a third person had agreed to purchase the logs after they were cut; and that, when a sale of logs had been made by a tenant in common, his cotenant had his election to claim the property in the hands of a purchaser or hold him liable for a conversion." Section 2332 of the Kentucky Statutes provides "that if a tenant in common, joint tenant, or parcener commits waste, he shall be liable to his cotenant jointly or severally

for damages." At the time of the sale of the trees by Mrs. Holbrooks to Nichols and Marrs, she was a tenant in common with Patrick Bates of the land upon which the trees were standing. Nichols and Marrs did not by their purchase of the timber become tenants in common of the land. They did not purchase the undivided moiety of Mrs. Holbrooks, but only a specific part of such moiety, with license to enter and remove what they had purchased. Mrs. Holbrooks could not cut and remove the timber, consequently her vendees could obtain no rights which their grantor did not possess; and the law is well settled that where one tenant in common conveys to a stranger anything less than the full undivided interest of the vendor in the whole land, where such interest is prejudicial to the rights of the other cotenants, the conveyance as to them is utterly void. Where there has been a partition of the lands as between the cotenants, courts may properly consider such conveyance in apportioning the land, so as to secure the interest of such purchaser. This has been done where one tenant in common has assumed to convey to a stranger a part of the common property by metes and bounds. See Barnes v. Lynch, 151 Mass., 510, 24 N. E., 783, 21 Am. St. Rep., 470; Dennison v. Foster, 9 Ohio, 126, 34 Am. Dec., 429. If Mrs. Holbrooks, by the sale of a part or all of the trees growing upon the land, could invest the purchaser with the rights of a joint tenant, so in the same way she might dispose of stone quarries, coal deposits and other minerals that might be found upon the land, and thereby create numerous new tenancies in common, and her grantees could have enforced a sale of each interest as against the other cotenant, which would inevitably result in the destruction of his landed estate. The common and statutory law both carefully protect owners of

land in their right to preserve it as they may desire, and, in our opinion, the interest which Nichols and Marrs or their vendors acquired by their purchase of the trees from Mrs. Holbrooks can be asserted only in equity, where the court, upon a partition of the estate, can properly protect the interest of all concerned.

This suit is a common law proceeding for the possession of sawlogs alleged to have been cut by the other cotenant from the joint estate, and in our opinion appellant acquired no such interest by its purchase of the Holbrooks as authorized to maintain such an action. Benedict v. Torrent (Mich.) 47 N. W., 129 (11 L. R. A., 279, 21 Am. St. Rep., 589); Franklinite Co. v. Condit, 19 N. J. Eq., 394.

For this reason the demurrer was properly sustained, and the judgment is therefore affirmed.