## LARRISON et al. v. WALKER et al.

### No. 5677.

Court of Civil Appeals of Texas. Texarkana.

March 4, 1941.

Rehearing Denied March 13, 1941.

Jones & Jones, of Marshall, and Bartlett & Patman, of Linden, for appellants.

Vinson, Elkins, Weems & Francis and Thomas Fletcher, all of Houston, Newland, Cornett & Whitworth, of Linden, Baker, Botts, Andrews & Wharton, of Houston, Carney & Carney, of Atlanta, and T. D. Sansing, of Linden, for appellees.

JOHNSON, Chief Justice.

In 1865 J. N. Stone, a widower with three children, married Amanda Taylor, a widow with two children. To this union three children were born. The eight children inherited, as community property of J. N. and Amanda Stone, the land here involved, consisting of 221.44 acres (referred to in the record as 230 acres) of the Wilson Robinson Survey in Cass County. Some of the children subsequently died without issue, whereby the inheritance of Mildred Taylor, a child of Amanda Stone

by her first husband, was increased to ⅛ of the whole tract, amounting to 27.68 acres undivided interest. The inheritance of Sallie Stone, a child of J. N. and Amanda Stone, was 54 acres. Sallie Stone married W. B. Walker. In 1917 W. B. and Sallie Walker acquired by deeds so reciting "the inherited interest" of the remaining heirs, except Mildred Taylor. After purchasing the undivided interests above mentioned, W. B. and Sallie Walker conveyed specific tracts off the land by deeds purporting to convey the whole title to each tract described in said deeds. The aggregate of such tracts comprised all the land, except a tract of 31 acres remaining in possession of W. B. and Sallie Walker. Said 31-acre tract is referred to as the W. B. Walker 31-acre tract. By the first of said deeds W. B. and Sallie Walker conveyed to J. S. Hall a specific tract described by metes and bounds and referred to as containing 100 acres, more or less. The second deed conveyed to H. F. Walker a tract of 40 acres, more or less, described by metes and bounds. The third deed conveyed to said H. F. Walker two tracts described by metes and bounds and estimated to contain 21 acres, more or less, and 30 acres, more or less. In turn H. F. Walker conveyed 20 acres of the land to R. Q. Long. J. S. Hall, H. F. Walker and R. Q. Long executed separate oil and gas leases to R. W. Norton covering the tracts held by each. W. B. and Sallie Walker, joined other lessors in the execution of a unitized oil and gas lease to R. W. Norton, covering the 31 acres known as the W. B. Walker 31 acres and certain other lands of such other lessors not here involved. All the above oil and gas leases assigned to United Production Corporation. Subsequently appellants, Hudson Larrison et al. (heirs of Mildred Taylor, deceased), executed and delivered to said United Production Corporation instruments ratifying and confirming the above-mentioned oil and gas leases "as though they had joined in execution of the original instruments as lessor," except as to the statements contained in the original leases to the effect that the lessors therein were the sole owners of the property described, and said ratification agreements also leased for oil and gas purposes appellants' undivided interest in all the land to said United Production Corporation upon like terms and conditions as contained in the original leases, and reserving to appellants their undivided interest in the ⅛ royalty. W. B. and Sallie Walker conveyed by mineral deeds undivided mineral interests in the 31-acre tract to divers parties. Appellants Hudson Larrison et al., filed in the District Court of Cass County cause No. 11043, a partition suit, against all parties claiming an interest in the entire tract of 230 acres, more or less. The petition alleged the facts fully, giving a complete history of the descendents of J. N. and Amanda Stone and of the several transfers of the land from the common source, including the conveyances of the specific tracts by W. B. and Sallie Walker to J. S. Hall and to H. F. Walker. It alleged that the land was of equal and uniform value acre for acre and that the plaintiffs' interest therein could be satisfied out of the 31-acre tract, and that plaintiffs had elected to take their interest in all the land out of the 31 acres, and prayed that it be so partitioned; and in the alternative, that plaintiffs recover their interest out of the land in the inverse order of alienation by W. B. and Sallie Walker. Trial of the case was to a jury. At the close of plaintiffs' testimony the court instructed a verdict in favor of defendants claiming the specific tracts conveyed to J. S. Hall and H. F. Walker and entered a decree that plaintiffs take nothing as to said defendants, and thereupon proceed with the trial as between plaintiffs and the defendants claiming an interest in the 31 acres. At the close of all the evidence in the case, and while the court was preparing his charge to the jury on the issues as between plaintiffs and the defendants as to the 31-acre tract, plaintiffs moved to take a non-suit. The motion for non-suit was granted and the cause as between plaintiffs and said last-mentioned defendants was dismissed without prejudice, November 8, 1937. On the same day appellants, Hudson Larrison et al., filed the present suit, No. 11568, in the District Court of Cass County to recover the equivalent of their interest in all the 221.44 acres out of the 31-acre tract, naming as defendants W. B. and Sallie Walker and all parties claiming interests in the 31-acre tract. In trial of the case it was agreed that the 221.44 acres of land was of uniform value, acre for acre. The case was submitted to a jury upon special issues, in response to which they found in favor of plaintiffs with respect to their heirship and inherited interest in the land. They found against defendants on their pleas of limitation. They further found in response to

a special issue that defendant Mrs. Sallie Walker at the time she and her husband, W. B. Walker, executed the deeds to J. S. Hall and H. F. Walker she "intended to reserve the 31 acres as the balance of her inherited interest in the property." Plaintiffs and defendants filed motions for judgment. The court sustained the motions of both sides in part and overruled same in part, and entered a judgment reading in part as follows:

"The court being of the opinion that plaintiffs, as a matter of law, have elected to take their undivided interest in each of the several tracts going to make up in the aggregate the tract of 223 acres, more or less, out of the Wilson Robinson Headright Survey in Cass County, Texas, and known in this record as the J. N. and Amanda Stone homeplace, and that out of the 31 acres involved in this cause, that plaintiffs by such election are limited to and not entitled to recover more than 3.85 acres, and, further, it appearing to the court that the plaintiffs have heretofore acquired an undivided 10-acre mineral interest in such 31-acre tract from North Central Texas Oil Company, Inc., William B. Weiner, Jacques L. Weiner, and Marion P. Weiner, as plead in Second Amended Original Petition, but that such 10-acre mineral interest should not be credited as plead by plaintiffs in such petition against the minerals on, in and under the 3.85 acre recovery herein awarded plaintiffs in such 31-acre tract but that such undivided 10-acre mineral interest should be held by plaintiffs under such acquisition in addition to the 3.85 acres in fee awarded plaintiffs herein, and, it further appearing to the court that there is more than sufficient mineral interest in such 31-acre tract at this time remaining in the defendants, W. B. Walker and wife, Sallie Walker, to protect the recovery of 3.85 acres herein awarded to plaintiffs without in any wise disturbing the mineral interest owned in such 31-acre tract by the defendants, Max Rude, M. Rude, Harry Greenburg, Phillip Blatt, Sandrock Royalty Company and A. J. McCook, so that the motion of such defendants for judgment should be sustained and that the motion of plaintiffs for judgment should be sustained as to the interest of 3.85 acres and that the motion of W. B. Walker and wife, Sallie Walker, for judgment should be overruled insofar as necessary to permit a recovery by plaintiffs of 3.85 acres, and sustained otherwise; it is accordingly ordered, adjudged and decreed:

"Paragraph I. That plaintiffs * * * recover of defendants W. B. Walker and wife, Sallie Walker, an undivided interest of 3.85 acres in and to * * * the 31-acres more or less.

"Paragraph II. That plaintiffs take nothing by reason of their suit against the defendants Max Rude, M. Rude, Harry Greenburg, Phillip Blatt, Sandrock Royalty Company and A. J. McCook. * * *

"Paragraph III. Except as decreed in paragraph I hereof, that plaintiffs * * * take nothing against defendant W. B. Walker and wife, Sallie Walker * * *.

"Paragraph IV. That the acquisition by plaintiffs of an undivided 10-acre interest in the oil, gas and other minerals on, in and under the above described (31 acres) from North Central Texas Oil Company, Inc., Wm. B. Weiner, Jacques L. Weiner, and Marion P. Weiner, be and the same is hereby ratified and confirmed in plaintiffs, to be held by them in addition to the interest awarded them by the decree in paragraph I hereof.

"Paragraph V. That the recoveries awarded plaintiffs * * * in paragraphs I and IV of this judgment shall not be in any manner affected by the decrees contained in paragraphs II and III of this judgment."

Expressed in other words, the judgment awards recovery by the several parties of undivided interests in the 31 acres as follows: To plaintiffs Hudson Larrison et al., 3.85 acres surface and minerals, and the 10-acre mineral interest received in settlement with said Weiner brothers and North Central Texas Oil Company, Inc. To defendants W. B. and Sallie Walker 26.15 acres surface and 7.15 acres minerals. To the remaining defendants, grantees of W. B. and Sallie Walker, 10 mineral acres. The mineral acres referred to being the ⅛ mineral interest (royalty) subject to the oil and gas leases.

From an order overruling their motion for new trial, plaintiffs have perfected their appeal and assigned errors to the action of the trial court in rendering judgment as he did and in not rendering judgment in favor of plaintiffs for an undivided 27.68-acre interest in the surface and minerals in the 31-acre tract. It appears from an examination of the record that appellants' assignments of error are well

grounded and show that the trial court erred in rendering the judgment as above set out and in not rendering judgment for appellants for an undivided 27.68-acre interest in the surface and minerals in the 31-acre tract, subject to the existing oil and gas lease covering same.

Appellees Sandrock Royalty Company and others (defendants claiming mineral interests in the 31-acre tract under W. B. and Sallie Walker) allege that the judgment should be affirmed for reasons set out in four counter propositions contained in their brief. Appellees W. B. and Sallie Walker adopt said four counter propositions, and further assert that the judgment should be reversed and judgment here rendered that plaintiffs take nothing by reason of their suit, for the reasons assigned in the said four counter propositions, and for a fifth reason contained in their brief. We shall discuss the alleged reasons for affirmance contained in appellees' counter propositions.

By their fourth counter proposition appellees contend that the evidence is insufficient to support the findings of the jury to the effect that appellants are the heirs of Mildred Taylor, a daughter of Amanda Taylor Stone, wife of J. N. Stone. An examination of the record shows that the evidence is amply sufficient to support said findings of the jury.

By their first counter proposition appellees assert: "The act of plaintiffs in executing oil, gas and mineral leases to United Production Corporation on January 14, 1936, thereby leasing their undivided interests separately in each tract, and which tracts in said three instruments make up the entire 230 acres, constituted by plaintiffs an election to disaffirm the conveyances out of W. B. Walker and wife to third persons, and to assert their claim to recover their undivided interest in all of the land so that they were thereby precluded from undertaking to recover all of their claimed interest out of the 31 acre tract and in no event could recover more than their proportionate undivided interest out of such 31 acre tract * * *." The contention presented under the above counter proposition is, in substance, that after execution of the deeds by W. B. and Sallie Walker conveying the specific tracts to J. S. Hall and H. F. Walker, the land being of uniform value, appellants were then required to elect between two valid available and inconsistent rights or remedies, namely: That appellants could elect to affirm and ratify said deeds and thereupon recover their interest in all the land out of the 31 acres remaining in the possession of W. B. and Sallie Walker; or appellants could elect to disaffirm and avoid said deeds and thereupon recover their interest out of each of the specific tracts comprising the 221.44 acres; and that the act of appellants in executing the instruments to United Production Corporation wherein appellants ratified and confirmed the oil and gas leases executed by the respective holders of the specific tracts, and in the same instruments leased to said United Production Corporation their undivided interest in each of the tracts, constituted as a matter of law an election to *disaffirm and avoid* said deeds and an assertion of appellants' right to recover their inherited interest out of each tract separately; by reason of which appellants were estopped under the doctrine of election of rights and remedies from recovering their undivided interests in the surface and unsevered 1/8 mineral (royalty) interest in all the land out of the 31 acres. In support of their contention appellees cite Thomas v. Southwestern Settlement & Development Co., 132 Tex. 413, 123 S.W.2d 290; Simpson-Fell Oil Co. v. Stanolind Oil & Gas Co., Tex.Sup., 125 S.W.2d 263, motion for rehearing granted and cause reversed in per curiam opinion Jan. 22, 1941, Tex.Sup., 146 S.W.2d 723, not yet reported [in State reports]; Harrison Oil Co. v. Sherman, Tex.Civ.App., 66 S.W.2d 701, writ refused, McGee v. Stark, Tex.Civ.App., 127 S.W.2d 589, writ dismissed, correct judgment, and authorities referred to in those cases. The above-mentioned authorities fully discuss the doctrine of equitable partition applicable to the facts here presented, but we are unable to agree that they support appellees' contention. The doctrine of equitable partition does not proceed upon the theory of estoppel by election of rights or remedies on the part of the non-joining cotenants. In Thomas v. Southwestern Settlement & Development Co., supra [132 Tex. 413, 123 S.W.2d 296], it is said: " * * * It clearly appears from the authorities hereinafter discussed that the doctrine [of equitable partition] does not involve the creation or the enforcement of fixed definite legal rights. Such legal rights, except as between the parties to the deed, do not arise from the execution by a cotenant of a deed purporting to convey a specific part of the land or from the execution of such

deed and the nonjoining cotenant's *election not to avoid it*. On the contrary, the doctrine is an equitable doctrine, which concerns itself primarily in protecting the vendee in the part of the land conveyed to him, *when and to the extent that this can be done without prejudice to the cotenants of the whole tract,* and which in the attainment of such primary object undertakes fairly to adjust the equities of all of the interested parties." (Italics ours).

Included in the authorities discussed in the last above-mentioned case, is Lasater v. Ramirez, Tex.Com.App., 212 S.W. 935, 936, and the following quotation therefrom: "The right of a purchaser from one tenant in common to the specific tract conveyed to him does not depend, and is not based upon, the nonjoining tenants' assent to, acquiescence in, or recognition of, the sale; nor is it created through estoppel. The right exists independent of any act or conduct on the part of the nonjoining tenants, and is conditioned solely upon the question whether its enforcement would prejudice or injuriously affect the other owners."

A careful reading of Thomas v. Southwestern Settlement & Development Co., supra, and Simpson-Fell Oil Co. v. Stanolind Oil & Gas Co., supra, will support the following conclusions. The deeds of a tenant in common to specific parcels of the land are not absolutely void. They are always good as against the grantor. Such deeds do not convey or destroy any of the title of the nonjoining cotenants to their undivided interest to the lands described in the deeds. The nonjoining cotenants may avoid such deeds, *if and to the extent only they are injured by such deeds.* Though one cotenant has no power to divest the title of other cotenants by selling specific parts of the common property, yet under the well-settled doctrine of equitable partition the court in adjusting the equities of all the interested parties will protect such purchasers by setting aside to them the particular tracts purchased, if it can be done without injury to the other owners, where, as here, the acreage of the common property is of equal and uniform value; and will set aside to the nonjoining cotenants the equivalent of their interest in all the land out of the unsold tract if it is sufficient to satisfy same; and if the unsold tract is not sufficient to fully satisfy the interest of the non-joining cotenants, then the remainder of their interest will be satisfied out of that sold, in the inverse order of the execution of such deeds. Applying such rule to the facts here presented, after the sales of specific tracts by W. B. and Sallie Walker to J. S. Hall and H. F. Walker, appellants' undivided interest in the surface and unsold minerals (royalty) would be set aside to them out of the 31 acres.

One of the principles of estoppel by election of rights or remedies is that there must have been more than one enforceable right or remedy from which to choose. Poe v. Continental Oil & Cotton Co., Tex.Com.App., 231 S.W. 717; 15 T.J. 826, § 6. Should it be assumed that the acts of appellants, in executing the instruments ratifying and confirming the oil and gas leases executed by the other owners covering the land and also in such instruments leasing their undivided interest in all the land upon like terms, constituted an election to disaffirm the deeds previously executed by their cotenants, W. B. and Sallie Walker, appellants did not thereupon, as against the rule of equitable partition applicable in the facts here, have an enforcible right or remedy to void said deeds and recover their undivided interest out of each tract separately. In such facts and regardless of whether appellants had elected to disaffirm and void the deeds, the court in adjusting the equities of all the parties would protect said purchasers (which it did upon the first trial by directing a verdict in their favor) because appellants' interest in all the land could be fully and equitably satisfied out of the 31 acres.

We digress here to note that there is a distinction between an election of "rights" and an election of "remedies." Seamans Oil Co. v. Guy, 114 Tex. 42, 262 S.W. 473. We have used the expression "election of rights and remedies" because both words are used in the record. But no contention is made that in the two suits filed by appellants they undertook to pursue inconsistent remedies or sought to enforce inconsistent rights. In appellees' second proposition it is conceded that the two suits were identical in nature and issues.

After a cotenant has conveyed specific tracts, the nonjoining cotenants might in some circumstances so deal with the common property as to render the doctrine of equitable partition inapplicable or as would estop them from asking that their interest in all the acreage be set aside out of the unsold tract, or in the inverse order

of alienation; but appellants, in executing the instruments complained of to United Production Corporation, did not commit such an act. By ratifying the leases previously executed by the other owners (except the statements therein contained to the effect that said original lessors were the sole owners of the lands), and therein leasing their undivided interest to the owner of said leases, and on the same terms and conditions as contained in the original leases, appellants merely completed the sale and severance of the ⅞ leasehold, thus eliminating it and the leaseholder from involvement in the partition. The title and equities of all the parties as to the surface and unsevered minerals (⅛ royalty) was not affected. Appellants gained no advantage and the other owners were not in any way injured. The doctrine of equitable partition was applicable after execution of said instruments by appellants to United Production Corporation in like manner as before their execution.

By their second counter proposition appellees assert that since the judgment in the first suit, cause No. 11043, recites that plaintiffs (appellants here) "take nothing" as to certain of the defendants therein named (being the defendants claiming the specific tracts conveyed by W. B. and Sallie Walker to J. S. Hall and H. F. Walker) as to all the 221.44 acres, describing each tract comprising same, such "take nothing" judgment had the effect of divesting out of appellants and investing in said parties all the right, title and interest of appellants in all the land including the 31 acres involved in this suit; by reason of which said judgment constitutes an outstanding title in said parties in whose favor the "take nothing" judgment was rendered, and because of which appellants were not entitled to recover anything in this suit. Appellees cite Permian Oil Co. v. Smith, Tex.Civ.App., 73 S.W.2d 490, and the opinion of the Supreme Court overruling motion for rehearing, 129 Tex. 413, 107 S.W.2d 564, and cases mentioned in those opinions. The above authorities declare the general rule that where plaintiffs' petition is limited to the statutory action of trespass to try title to the land described therein and the defendants answer to a plea of not guilty, a judgment simply reciting "that plaintiff[s] take nothing by [their] suit" is regarded as "an adjudication that the title to the land involved is in the defendant, and such a judgment is equally as effective for that purpose as one expressly vesting title in the defendant." See point one in Commissioner Leddy's opinion, 73 S.W.2d 496, and point 11 in Special Justice Fouts' opinion 107 S.W.2d 570. The rule is founded upon public policy, and its purpose is to prevent retrial between the same parties or their privies of a cause of action or issue which has been finally disposed of. We agree that the majority opinions in Permian Oil Co. v. Smith, supra, are far-reaching in application of the rule, but the decision in that case, and in no case found by us, can be held authority for applying the rule to a judgment reading as does the judgment in cause No. 11043, which after reciting that plaintiffs "take nothing" by their suit against certain named (but not all) defendants as to the land involved, goes further and affirmatively shows on its face that it was not the intention of the judgment to divest plaintiffs and invest said defendants with all the title to all the land involved, by expressly excepting from the decree plaintiffs' cause of action against certain named defendants as to a specific tract of land. A judgment, like any other written instrument, is to be construed as a whole and each part harmonized and given effect if possible. No particular part or clause in the judgment is to be seized upon and given the power to destroy the remainder if such effect can be avoided. In Campbell v. Schrock, Tex.Com.App., 50 S.W.2d 788, 791, a case in which the "take nothing" clause was sought to be given the controlling effect as here contended for, the court said: "In passing on the legal effect of a judgment, one should not look alone to an isolated sentence or clause thereof, but to the entire judgment, and, if necessary, to the judgment roll." In the present case it is not necessary to look to the judgment roll. If the face of the judgment of cause No. 11043 is examined as a whole, with respect to matters here material, it shows that when plaintiffs in the introduction of their evidence announced that they would rest, all parties moved for a directed verdict in their favor and that said motions were sustained "except that part of such motions on the part of the defendants W. B. Walker and wife, Sallie Walker, A. J. McCook, Sandrock Royalty Company, Marion P. Weiner, Wm. B. Weiner, Jacques L. Weiner, North Central Texas Oil Company, Inc., Ralph E. Davis and Eolden Tripp, as to the tract of land known in said cause as the W. B. Walker 31-acre

tract * * *." To avoid repeating their names, the defendants last above mentioned will be referred to as W. B. Walker et al., and defendants claiming the J. S. Hall and H. F. Walker tracts will be referred to as J. S. Hall et al. The directed verdict returned by the jury in cause No. 11043 is then set out in the judgment and it expressly recites that in accordance with instructions of the court no finding was made in favor of defendants W. B. Walker et al. against the plaintiffs as to said 31-acre tract. The judgment then recites that upon return of said verdict the court decreed:

"That plaintiffs take nothing by reason of their suit against the defendants * * * J. S. Hall et al. * * * for the following described land and premises (describing all the 221.44 acres) * * *. It is further ordered, adjudged and decreed that plaintiffs take nothing by reason of their suit against the defendants * * * W. B. Walker et al. * * * for the lands and premises described in the preceding paragraph of this decree, except insofar as the suit of plaintiffs against such defendants * * * W. B. Walker et al., * * * is applicable to the 31 acres * * * known in this case as the W. B. Walker 31-acre tract * * * and that such defendants * * * except as to the 31 acres above described, go hence without day and recover their costs. * * * It is further ordered that the motion (for directed verdict) of the defendants * * * W. B. Walker et al., * * * insofar as it is applicable to the 31-acre tract so excepted in the preceding paragraph of this decree and described therein, be, and it is hereby, in all things, overruled.

"* * * The trial of said cause continued from day to day by plaintiffs and against the defendants * * * W. B. Walker et al., * * * in respect of the tract of land known as the W. B. Walker 31-acre tract above described, and evidence was taken until on the 6th day of November, 1937, when all the evidence being in, both sides closed the case * * * (here it is recited that motions for directed verdict were made by plaintiffs and defendants, each being heard and overruled) * * * and while the court was in the course of preparing the charge of the court to the jury, with respect to the tract of land known as the W. B. Walker 31-acre tract above described, came plaintiffs in open court and announced they would

no longer prosecute their case against defendants * * * W. B. Walker et al., * * * upon such 31 acres, and moved that the same be dismissed without prejudice at plaintiffs' cost; it is accordingly ordered, adjudged and decreed that the motion for plaintiffs for non-suit be and the same is herewith sustained, and such cause as to the defendants * * * W. B. Walker et al., * * * upon the tract of land known as the W. B. Walker 31-acre tract, be, and the same is herewith, in all things dismissed without prejudice at the cost of plaintiffs."

■ So it is seen that when viewed from its face and construed as a whole, the judgment in cause No. 11043 purports to decree that plaintiffs "take nothing" against all the defendants as to all the land, expressly excepting from such decree plaintiffs' cause of action against certain defendants (appellees here) as to the 31-acre tract, thus affirmatively showing the intention not to divest plaintiffs of their rights in the 31 acres and invest same in defendants. We think the face of the judgment sufficiently shows that appellees' contention is unsound. But, if it should be held necessary to look to the judgment roll in order to make the language and effect of the judgment clear, it will be seen from the petition that plaintiffs did not allege the formal statutory action of trespass to try title, but an action for partition of land in which the facts are fully pleaded, beginning with the marriage of J. N. Stone and Amanda Taylor in 1865, their purchase of the land, history of their heirs and of the deeds and leases covering the land, including the deeds by plaintiffs' cotenants W. B. and Sallie Walker conveying the specific tracts to J. S. Hall and H. F. Walker, and including the admission that all the land was of uniform value and that plaintiffs' undivided interest in all the land could be satisfied out of the remaining 31 acres, and a prayer that it be so partitioned. In such facts as pleaded, the purpose and effect of the judgment of the court in directing the verdict and entering the decree that plaintiffs take nothing by reason of their suit against the defendants as to all the land except as to the 31 acres and proceeding with the trial as to the 31 acres, clearly appears as intended to protect the purchasers of the specific tracts, as they were entitled to be protected, and to set aside plaintiffs' inherited interest, if any

they had, in all the land out of the 31 acres, upon adjusting the equities of the parties claiming an interest in the 31 acres.

Appellees' 3rd counter proposition reads: "Plaintiffs (appellants) having bought an undivided ten acres mineral interest in the 31 acre tract from Wm. B. Weiner, Jacques L. Weiner, Marion P. Weiner and North Central Texas Oil Company, Inc., who held title from and under W. B. Walker and wife, Sallie Walker, thereby attorned to and embraced the W. B. Walker title, the effect of which was to ratify and confirm the title of these defendants to minerals in the same tract also held under W. B. Walker and wife, Sallie Walker, and any recovery, if any otherwise were had by plaintiffs could not be had as against these defendants, so that the judgment of the trial court was correct and should be affirmed." Appellees W. B. and Sallie Walker urged the same counter propositions as supporting their contention that the judgment of the trial court should be reversed and judgment here rendered that appellants take nothing except said undivided 10-acre mineral interest which they purchased from Weiner brothers et al.

The facts pertinent to the counter proposition, in substance, show: Appellants and W. B. Walker and Sallie Walker as tenants in common owned the 221.44 acres of land, J. N. Stone and wife, Amanda Stone, being the common source of title. W. B. and Sallie Walker conveyed to J. S. Hall and H. F. Walker specific tracts, comprising all the land, except the 31 acres. Of these 31 acres appellants were entitled to 27.68 acres, and W. B. and Sallie Walker 3.32 acres. W. B. and Sallie Walker then began conveying undivided mineral interests in the 31 acres. The first of such mineral deeds purported to convey to A. J. McCook and H. H. Miller 5 acres; later they executed two deeds on same date, conveying to Weiner brothers 6 acres and to North Central Texas Oil Company, Inc., 4 acres; later they conveyed to Ralph E. Davis 5 acres. Then suit No. 11043 was filed by appellants against all parties claiming an interest in the 221.44-acre tract. The disposition of that suit has heretofore been detailed. Then appellants filed the present suit against W. B. and Sallie Walker and all claimants of mineral interests in the 31 acres under the above mentioned mineral deeds executed by W. B. and Sallie Walker, including said Weiner brothers and North Central Texas Oil Company, Inc. During pendency of the present suit, appellants and said defendants Weiner brothers and North Central Texas Oil Company, Inc., agreed upon a compromise and settlement of the disputed claims between them. The agreements were reduced to writing, and signed by appellants and said defendants, Weiner brothers and North Central Texas Oil Company, Inc. The instruments after setting out their conflicting claims, recite that the parties executing the instruments "have agreed upon a compromise and settlement of said controversy, and for that purpose do make and enter into the following agreement. * * *" The terms of the agreements are to the effect that said defendants, Weiner brothers and North Central Texas Oil Company, Inc., be allowed to retain ½ the royalty or oil runs from the 1-acre interest so claimed by them which accrued prior to November 1, 1937, and additional amounts of such oil runs of the value of $2,400, and in consideration of which said defendants thereby assigned and conveyed to appellants said interest of 10 acres "purported" to have been conveyed to said defendants by W. B. and Sallie Walker. Said defendants were then dismissed from the suit. It will be here noted that W. B. and Sallie Walker had conveyed to A. J. McCook and H. H. Miller 5 acres (being more than W. B. and Sallie Walker were entitled to) out of the 31 acres, prior to their conveyance of the 10 acres to said defendants, Weiner brothers et al; and that under the rule authorizing avoidance of conveyances of a cotenant in inverse order of their execution to the extent that the nonjoining cotenants have been injured thereby, the deeds of W. B. and Sallie Walker to said defendants Weiner brothers et al., to the 10 acres would have been completely avoided in final adjustment of the equities between the parties to the suit. So appellants acquired no advantage and the other defendants were not injured by appellants' alleged "purchase" of the 10 acres in settlement with Weiner brothers et al. There is no testimony in the record or any expression in said settlement agreements tending to show that appellants agreed to accept said 10 acres in satisfaction of all their interest in the land, or any admission on the part of appellants that W. B. and Sallie Walker and their assignees of mineral interests (appellees) held a superior right to appellants' claim. Appellees' contention in substance is that the settlement agreements

constituted a purchase on the part of appellants of the 10 acres from said defendants Weiner brothers et al.; and that since said defendants claimed under 'mineral deeds from W. B. and Sallie Walker, therefore the act of purchase by appellants of said 10 acres mineral interest had the effect, as a matter of law, to "ratify and confirm" title in the remaining defendants, W. B. and Sallie Walker and their assignees of mineral interests, to all the 31 acres; by reason of which appellants should recover none of the surface and only the 10-acre mineral interest so purchased by them from the defendants Weiner brothers et al. Expressed in other words, it is claimed that the act alone of purchasing said 10-acre mineral interest from said defendants, grantees of W. B. and Sallie Walker, had the legal effect of divesting appellants of all their interests previously held in the land and investing title thereto in appellees. In support of the contention appellees cite Harrison Oil Co. v. Sherman, Tex.Civ.App., 66 S.W.2d 701, writ refused; Simpson-Fell Oil Co. v. Stanolind Oil & Gas Co., Tex.Sup., 125 S. W.2d 263; McGee v. Stark, Tex.Civ.App., 127 S.W.2d 589; Barnes v. Lynch, 151 Mass. 510, 24 N.E. 783, 41 Am.St.Rep. 470; Havard v. Smith, Tex.Civ.App., 13 S.W.2d 743; Simonds v. Stanolind Oil & Gas Co., 134 Tex. 332, 114 S.W.2d 226, 136 S.W.2d 207; Elliott v. Langham, Tex.Civ. App., 60 S.W.2d 287; Wise v. Haynes, Tex.Civ.App., 103 S.W.2d 477; Kimbro v. Hamilton, 28 Tex. 560; Fordson Coal Co. v. Potter's Executors, 237 Ky. 311, 35 S. W.2d 298. None of the authorities cited warrant the conclusion drawn by appellees. We think the contention is clearly unsound.

Appellee Mrs. Sallie Walker makes the contention that appellants should not be allowed to recover, because she testified and the jury found that at the time she and her husband, W. B. Walker, conveyed the specific tracts to J. S. Hall and H. F. Walker she intended to reserve all the remaining 31 acres as the balance of her inherited interest in the 221.44 acres. No grounds are alleged or any prayer made for cancellation of said deeds. We do not think that a grantor by such secret intentions as here alleged can contradict and destroy the plain reading and effect of a deed.

It appears from the record that the trial court erred in not awarding appellants a recovery of an undivided interest of 27.68 acres out of the 31-acre tract. So, the judgment will be reversed and judgment here rendered that appellants recover out of the 31-acre tract an undivided interest of 27.68 acres of the surface and minerals, subject to the oil and gas lease. Said 27.68 acres mineral interest shall comprise the 11 acres not conveyed by W. B. Walker and wife, Sallie Walker, and the 5 acres conveyed by W. B. and Sallie Walker to Ralph E. Davis, and the 10 acres conveyed by W. B. and Sallie Walker to Weiner brothers and North Central Texas Oil Company, Inc., and 1.68 acres of the 5 acres conveyed to A. J. McCook and H. H. Miller; thus avoiding said deeds to mineral interests in the 31 acres executed by W. B. and Sallie Walker in the inverse order of their execution to the extent of awarding appellants recovery of 27.68 acres, such being to the extent only that appellants' interest was injured by said conveyances. A result of this decree is that the deed executed by W. B. and Sallie Walker to A. J. McCook and H. H. Miller is not avoided as to 3.32 acres. A. J. McCook still owns his ½ of said 3.32 acres. H. H. Miller conveyed his ½ to Sandrock Royalty Company, which company conveyed to J. E. Day, who conveyed 1 acre to Phillip Blatt, and 66/100 acre to Harry Greenburg by deed purporting to convey one acre. Wherefore the title in A. J. McCook to 1–66/100 acre and in Phillip Blatt to 1 acre and in Harry Greenburg to 66/100 acre, undivided mineral interest will be quieted. It will be further decreed that appellants recover the oil and gas royalties accrued and to accrue to the undivided 27.68 acres interest in the 31 acres. The cost will be adjudged against appellees.