**E. A. VARNER, Appellant,**

v.

**J. A. SMITH et al., Appellees.**

**No. 11296.**

Court of Civil Appeals of Texas.

Austin.

May 26, 1965.

Rehearing Denied June 16, 1965.

Small, Small & Craig, C. C. Small, Jr., Austin, for appellant.

Camp & Camp, Cameron, R. H. Whilden, W. G. Winters, Jr., Houston, for appellees.

ARCHER, Chief Justice.

This is a suit in trespass to try title brought by appellant as plaintiff below against appellees to recover title and possession to a tract of 45 acres of land out of the Fernando Rodriquez Three League Grant in Milam County, Texas. Appellees plead not guilty and adverse possession under the ten-year statute of limitations. Ap-

pellee, J. A. Smith, claims title to the tract subject to an oil and gas lease in favor of the appellee, Shell Oil Company. Appellee, Shell Oil Company, claims title to such lease. Trial was before a jury. At the close of the evidence four special issues were submitted and after the jury had returned its verdict thereon, the trial court granted appellees' motion for judgment *non obstante veredicto* on the grounds that appellant had failed to discharge his burden of proof to establish a record title from the sovereignty and that the evidence raised no issue of fact. Appellant timely filed a motion for new trial and an amended motion for new trial, which was overruled by the trial court on the 28th day of August, 1964, from which action this appeal has been taken.

The appeal is predicated on three points to the effect that the trial court erred in granting the motion of defendants for judgment *non obstante veredicto*, in holding that appellant failed to establish a record title from the sovereignty, and in failing to render judgment for appellant.

This was tried with a jury on four issues and in response to these issues the jury found (1) that appellee Smith had not acknowledged the ownership of the 45 acres to be in appellant's predecessors in title; (2) that Smith had had peaceable and adverse possession of the 45 acres using and enjoying the same continuously for as long as ten years prior to the filing of the suit; (3) that Smith had repudiated the title of appellant and those under whom he claimed; and (4) that Smith had not been in adverse possession of the 45 acres during a continuous period of ten years between the date of repudiation and the date of the filing of the suit.

Appellees moved for judgment *non obstante veredicto*, and the trial court granted such motion on the grounds that the plaintiff had failed to establish a record title from the sovereignty, and therefore the evidence raised no issue of fact, and rendered judgment accordingly for appellees.

We believe that plaintiff did plead and prove a record title to the land except insofar as defendant J. A. Smith's interest in his mother Mrs. Lecie Smith's estate was concerned, and as to the location of the land on the ground.

Plaintiff offered into evidence the Fernando Rodriquez three-league grant from the sovereignty to Samuel Williams, attorney for Rodriquez, dated October 29, 1833, and a deed from Samuel M. Williams, attorney, dated August 5, 1934 to Edward Brewster to the west league.

In 1835 Fernando Rodriquez, reciting that he had not previously sold or authorized anyone else to sell, conveyed the three leagues to Joseph Thomas. Subsequently the Thomas title through mesne conveyances was acquired by James R. Ham, who conveyed it to Edward Brewster in 1878, and the two chains of title merged.

J. J. Goodrum acquired title to a tract of 320 acres in a deed from Charlotte S. Gregory by Attorney George Butler on November 12, 1872 descibed as "all those certain tracts of land, out of the Hernando Rodriquez of Two survey leagues situated in Milam County, Texas, and known as Subdivision of the Southwest quarter of Section I and the North west quarter of Section J per surveys made by J. J. Kidd and containing one hundred and sixty acres each tract making in all three hundred and twenty acres."

Mrs. M. A. Davis and others, as "all of the heirs of J. J. Goodrum, dec., also Mrs. Sallie W. Goodrum, Guardian of the Estate of her two minor children will make a deed as soon as she can procure an order * * *" conveyed to J. M. Cupp and J. S. Smith "all that certain tract of land containing three hundred and twenty acres of land situated in Milam County, Texas. Beginning at the N. E. corner of sec. J. Thence S 70 W 950 vrs. to a Black Jack marked X. Thence S. 20 E. 950 vrs. to a B. J. marked X. Thence N. 70 E. 1900

vrs. to a B. J. marked X. Thence N. 20 W. 950 vrs. to a B. J. marked X. Thence S. 70 W. 950 vrs. to the place of beginning."

The named minor children, Willie R. Goodrum and Selvin Smith Goodrum, appointed L. E. Laurence, Jr. their attorney to recover possession of land as heirs of J. J. Goodrum, and conveyed an undivided one-half interest in said land.

On January 21, 1924 Laurence conveyed his interest in a tract of 320 acres to Willie and Selvin Goodrum, as a reconveyance.

On May 13, 1924 Willie R. Goodrum, Selvin Smith Goodrum and Mrs. Sallie W. Goodrum conveyed to L. E. Laurence, Jr. an undivided interest in 45 acres, describing it.

On June 2, 1924 L. E. Laurence and wife sold an undivided one-half interest to W. M. Plaster, describing it.

On May 17, 1963 Willie R. Goodrum conveyed all of his interest in 45 acres, describing it to E. A. Varner.

On July 5, 1963 W. M. Goodrum, individually and as attorney in fact for a number of other persons, conveyed to E. A. Varner all of the undivided interest in 45 acres, describing it by metes and bounds.

On July 10, 1963 W. M. Plaster et al., claiming to be heirs of W. M. Plaster, conveyed to E. A. Varner all of their undivided interest in the 45 acre tract, describing it, and on the same day Pliny Plaster, a daughter of W. M. Plaster, conveyed her undivided interest in the 45 acres to E. A. Varner.

There were embodied in the several conveyances affidavits as to heirship of the respective estates.

J. M. Cupp and J. S. Smith partitioned among themselves the lands conveyed to them by Mrs. W. A. Davis et al., and there was conveyed to J. S. Smith and wife Lecie Smith a tract of land containing 70.4 acres.

On May 8, 1924 J. S. Smith, "for myself and as survivor of the community estate of myself and my deceased wife Lecie Smith * * * for the purpose of effecting a partition of the 320 acre tract of land hereinafter mentioned and of effecting a compromise and settlement of that certain suit No. 9085 styled Willie R. Goodrum, et al. vs. J. S. Smith, et al., pending in the District Court of Milam County, Texas." conveyed to Willie R. Goodrum and Selvin Smith Goodrum that 45 acres, describing it.

Mr. Smith had not qualified as community survivor and was not joined by any of his children.

Appellant contends that J. A. Smith is a naked trespasser, because of the testimony given by Smith in which he stated that he was not claiming by reason of inheritance but by reason of being a trespasser. This is only a part of Smith's testimony in which he testified that he was born on the 320 acre tract, and that he had never lost possession of the land, that he put a fence around it for a pasture, and that he claimed the land now, and fenced it in 1928 and had claimed it ever since, that he paid taxes on 33⅓ acres with further testimony as to his claim. The witness testified further as to improvements he made on the land.

We believe that the land is so identified that a surveyor could go upon the premises and locate the 45 acre tract, but a survey will be necessary to definitely locate the boundaries.

There was introduced an ownership map constructed by the employees of an abstract company as testified to by the manager, and the area described as the J. J. Goodrum 320 acre tract is shown, and the subdivisions of the 320 acre tract by J. S. Smith and J. M. Cupp, who had acquired title from Mrs. M. A. Davis et al. are reflected, which we insert herein:

OUTLINED THUS: ————— SHOWS LOCATION OF LAND IN QUESTION AS NOTED BY COURT OF CIVIL APPEALS AND NOT SHOWN ON ORIGINAL MAP.

Appellee Smith in his answer adopts the description as set out in plaintiff's pleadings as the land he claims, and is not in doubt about the location of the land himself.

The plaintiff has plead and offered testimony as to his ownership of the 45 acre tract and insofar as those deeding the land owned it, title became vested in him.

We recognize that plaintiff was required to recover on the strength of his own title and must allege the acreage with descriptive boundaries and may recover a less amount than sued for. Plaintiff has an undivided interest in the 45 acres with J. A. Smith, who owns in part by inheritance from his mother and any interest he may have acquired by limitation.

We believe that there was presented a question of fact as to land owned by J. A. Smith as an heir of his mother, Lecie Smith, and as to a limitation title plead and claimed by J. A. Smith.

The trial court erred in rendering judgment for appellee.

The judgment of the trial court is reversed and remanded for a new trial.

Reversed and remanded.

HUGHES, Justice (dissenting).

This case, in my opinion, should be either affirmed or reversed and rendered. There is no assignment of error by either party which, if sustained, requires a remand. I am of the opinion that the judgment of the trial court should be reversed and rendered in behalf of appellant for the recovery of an undivided one-half interest in the 45 acre tract in suit.

I will not attempt to retrace the complete title to the 45 acre tract but will only discuss what, to me, are its controlling aspects.

The 45 acre tract was part of a 320 acre tract which Mrs. M. A. Davis et al.,

as heirs of J. J. Goodrum, in 1900 conveyed to J. M. Cupp and J. S. Smith.

Two grandchildren, then minors, of J. J. Goodrum, Willie R. and Selvin Smith Goodrum, did not join in this conveyance, nor is it shown by the record the interest in the 320 acre tract owned by each grantor.

In 1900 J. S. Smith was married to Lecie Smith and his interest in the 320 acre tract was community property of himself and Lecie Smith. Lecie Smith died in 1920, and her interest in the 320 acre tract passed to her children of whom appellee J. A. Smith is one.

In 1924, J. S. Smith conveyed the 45 acre tract to Willie R. and Selvin Smith Goodrum. This deed recited that it was for the purpose of effecting a partition of the 320 acre tract of which it was a part.

Even though this deed may not be effective as a legal partition of the 320 acres, it is effective as an equitable partition under the rule stated in Larrison v. Walker, 149 S.W.2d 172, Texarkana C.C. A., writ ref., as follows:

> "The deeds of a tenant in common to specific parcels of the land are not absolutely void. They are always good as against the grantor. Such deeds do not convey or destroy any of the title of the nonjoining cotenants to their undivided interest to the lands described in the deeds. The nonjoining cotenants may avoid such deeds, if and to the extent only they are injured by such deeds. Though one cotenant has no power to divest the title of other cotenants by selling specific parts of the common property, yet under the well-settled doctrine of equitable partition the court in adjusting the equities of all the interested parties will protect such purchasers by setting aside to them the particular tracts purchased, if it can be done without injury to the other owners, where, as here, the acreage of the common property is of

equal and uniform value; and will set aside to the nonjoining cotenants the equivalent of their interest in all the land out of the unsold tract if it is sufficient to satisfy same; and if the unsold tract is not sufficient to fully satisfy the interest of the non-joining cotenants, then the remainder of their interest will be satisfied out of that sold, in the inverse order of the execution of such deeds."

See also Merriweather v. Jackson, 38 S.W.2d 599, Austin C.C.A., n. w. h.

Willie R. and Selvin Smith Goodrum conveyed an undivided one-half interest in the 45 acre tract to their attorney, L. E. Laurence, Jr. Willie Goodrum then conveyed his remaining interest in the 45 acre tract to appellant. The interest which Willie Goodrum then owned in such tract was an undivided one-fourth interest. The undivided one-fourth interest in the 45 acre tract owned by Selvin Smith Goodrum was conveyed to appellant by the established heirs of Selvin Smith Goodrum.

These facts, in my opinion, establish a record title to an undivided one-half interest in the 45 acre tract described in the pleadings.

Appellant contends that he is entitled to recover the full title to the 45 acre tract because appellee is a naked trespasser and that as a tenant in common he has this right. I cannot agree to this contention for the reason that appellee had an interest as an heir of his mother, Lecie Smith, in the 320 acre tract out of which the 45 acre tract was formed. This interest is equitable and of the nature described in the above cited authorities. This interest prevents, in my opinion, the classification of appellee as a naked trespasser.

I would reverse and render judgment for appellant for an undivided one-half interest in the lands described in his petition.